## INHABITANTS OF WENHAM *vs.* RUFUS A. DODGE & others.

Bills of parcels of intoxicating liquors bought by a town agent, containing in substance the particulars required by the Gen. Sts. *c.* 86, § 20, to be specified concerning such purchases, are a sufficient account thereof to be kept by him within the meaning of the statute.

If, at a trial, there is evidence that a town agent bought and kept his intoxicating liquors in small quantities; that there is a deficiency of one third, in greatest proportion of whiskey, between his accounts of liquors bought and liquors sold; that on being questioned he fails to give any explanation of the deficiency; and that in his record of sales there is in several instances no memorandum of the quantity sold; the question whether he has made sales which he has not recorded is for the jury.

The negligent, even if not wilful or fraudulent, omission of a town agent to enter on his record of sales of intoxicating liquors the quantity sold to any person, or to give any name whatever of a purchaser, is a violation of the Gen. Sts. *c.* 86, § 20.

The Gen. Sts. *c.* 86, § 20, do not require the book of sales of intoxicating liquors by a town agent to be kept in the tabular form therein set forth.

On the issue whether the record of sales of intoxicating liquors by a town agent appointed under the Gen. Sts. *c.* 86, § 17, failed to conform to the provisions of § 20, so as to constitute a breach of the condition of his bond to "in all respects conform to the provisions of law relating to the business," there was evidence that he kept small books of original entry of all his sales, and at intervals of from one to three months compiled in a large book a tabular record of his sales in the form set forth in the statute. *Held*, that there was no ground of exception to a ruling of the judge " that, if the small books were kept as books of original entries of sales, with date of sale, kind, quantity and price of liquor sold, and were at all times open to the inspection of the selectmen, overseers of the poor, sheriffs, constables and justices of the peace, in the town, they would be a compliance with the law; that, if the contents of the small books were from time to time copied into the large book, and it contained a true statement of the statute requirements, kept in conformity thereto, that book would be a compliance with the law; and that, if the entries on the small books were copied substantially into the large book in good faith, slight and unintentional mistakes in copying would not be a breach of the bond, if all the books were kept as aforesaid, and taking them together the entries conformed to the statute."

CONTRACT on Rufus A. Dodge's bond dated May 7, 1866, given to the town of Wenham upon his appointment as town agent under the Gen. Sts. *c.* 86, § 17; the condition thereof being that the agent " shall in all respects conform to the provisions of law relating to the business for which he is appointed, and to such rules and regulations as now are or shall from time to time be established by the board making the appointment;" and the breach alleged being that he did not keep accounts conforming to § 20.*

---

* " Each agent shall keep an account of all purchases of liquors made by him, and shall specify the kinds and quantity purchased, the prices paid, the

At the trial in the superior court, before *Ames*, C. J., the plaintiffs put in evidence a book account of about five hundred and fifty sales of intoxicating liquors made by the defendant Dodge between the date of the bond and March 1867, wherein there were thirty-six entries which did not exhibit the quantities sold, and other entries which did not exhibit the names of the purchasers. In some of the thirty-six it was possible to infer the quantities by computation from the recorded price of the liquors; but in others it was not. It appeared further that the town directed the selectmen to investigate the agent's accounts, and that they made demand on him for an account of his purchases, in reply to which he produced the bills of parcels bought by him from the liquor commissioner, showing purchases of from one gallon to ten gallons of liquor at a time, and stated that he had kept no other account thereof; that then they gave him notice to make no more sales and to adjust his accounts, and examined his books and drew off a statement therefrom, and took and measured in his presence the liquors which were in his possession, and informed him that liquors to the amount of about one third of his purchases were deficient, the greatest deficiency appearing in whiskey, and the smallest in alcohol; and that he replied that he could not account for the deficiencies, but that his book account was true and he had been entirely honest. It further appeared that he had kept all his liquors, except rum, in demijohns; and it was admitted that in all his purchases he had

---

persons of whom purchased, and the dates of the purchases; and shall also keep a regular account of all the forfeited spirituous or intoxicating liquors delivered to him for sale by order of any justice or court. He shall keep a book and enter therein the date of every sale made by him, the person to whom sold, the kind, quantity and price thereof, and the purpose for which it was sold, substantially in the following form :

| | Date. | Name. | Residence. | Kind and quantity. | Purpose of use. | Price. |
|---|---|---|---|---|---|---|

which book shall at all times be open to the inspection of the mayor and aldermen, selectmen, overseers of the poor, sheriffs, constables, and justices of the peace, in such city or town."

used his own money, having never been furnished with funds by the town.

The plaintiffs contended that the frequency of the agent's failure to keep a correct record, coupled with the fact that there were large deficiencies in the liquors in his hands, raised a question of intent for the jury to pass upon, as to whether he had properly kept his books; that it was a question for the jury, upon all the facts, whether he had complied, or had intended to comply, with the conditions of his bond; and that the fact that there were a large number of charges on his books not conforming to the statute was a breach of his bond. But the judge ruled that, the statutes not having prescribed any form or mode in which the account of his purchases should be kept, the keeping and exhibition of his receipted bills, containing all the particulars and furnishing all the information required by the statutes in that respect, (there being no evidence that a formal statement was demanded,) were a substantial fulfilment of the conditions of his bond on that subject; that if, on retiring from office and giving up and settling with the town for all liquors remaining in his hands, it appeared that for some portion of liquors which had been in his hands he rendered no other account except to say that he could not explain what had become of them, but that all was honest on his part, that fact was not of itself evidence of a breach of that part of the condition of the bond which required him to record and particularize all sales made by him as agent (there being no claim or suggestion on part of the plaintiffs, that he was a defaulter in his money account with the town); and that, it appearing that during the period of time covered by the bond his records exhibited about five hundred and fifty sales, as to fourteen of which the record in each case failed to set forth in terms the quantity sold, although it could be ascertained inferentially by the price carried out; and as to twenty-two of which the record failed in each case to set forth the quantity, but gave the name and amount in gross, (there being no evidence of any fraudulent concealment or wilful purpose of withholding information,) such record, notwithstanding accidental and occasional errors like those above indicated

would be a substantial compliance with the statute in relation to that subject, and (there being in his bond no stipulation that he should account with the selectmen,) the defendants were not accountable in this action for the alleged deficiency or disappearance of liquors which had been in his possession. And thereupon, on the plaintiffs' evidence, he directed a verdict for the defendants; and the plaintiffs alleged exceptions.

*C. Sewall,* for the plaintiffs.

*S. B. Ives, Jr., & C. A. Kimball,* for the defendants.

HOAR, J. This action is upon a bond given by the defendant Dodge and his sureties to the inhabitants of the town of Wenham, upon his appointment as agent of the town for the sale of spirituous and intoxicating liquors, under the provisions of Gen. Sts. *c.* 86, §§ 17–23. The bond is in the form prescribed by the statute in § 18; and the material part of the condition is, that the agent " shall, in all respects, conform to the provisions of law relating to the business for which he is appointed." By § 20, the agent is required to keep an account of all liquors purchased by him, specifying certain particulars; and is also required " to keep a book and enter therein the date of every sale made by him, the person to whom sold, the kind, quantity and price thereof, and the purpose for which it was sold, substantially in the form " which is therein prescribed; which book is to be at all times open to the inspection of certain municipal officers. The breaches of the bond relied upon, so far as they are material to this bill of exceptions, were, that the agent had not kept such an account of purchases or sales as the statute enjoined. The presiding justice of the superior court ruled that the evidence was not sufficient to justify a verdict for the plaintiffs; and, a verdict being returned in favor of the defendants the plaintiffs took exceptions.

So far as the account of purchases is concerned, the instruction seems to us to have been correct. The bills furnished by the defendant Dodge, though not a formal account, contained in substance all the particulars which were requisite; and, as the statute prescribes no form of account, and the selectmen had given no direction and made no regulation upon the subject may be considered sufficient.

But upon the other branch of the case we are unable to con-cur in the view taken of the law, and are of opinion that the exceptions must be sustained. There was evidence which should have been submitted to a jury upon the question whether the agent kept the account of sales which the statute required.

In the first place, there was evidence to be submitted to the jury upon the general correctness of the account. The fact appeared that there was no entry whatever upon the book to show what had become of one third of the liquors which he had purchased; and that the chief deficiency was in the whiskey. All that he had to say on the subject was, " that his book ac-count was true, and that he had been entirely honest." But, coupled with the facts that his purchases had been made from time to time in small quantities, and that there were various irregularities in the entries upon the book, such a large defi-ciency in the quantity of liquors remaining in his possession, wholly unexplained, was evidence to be submitted to the jury under proper instructions, to determine whether he had made sales which were not entered upon the book in any form.

But on another point the objection to the ruling is equally de-cisive. The statute is imperative upon the agent that his record shall contain the name of the person to whom each sale is made, and the kind, quantity and price of the liquor sold. We can have no doubt that this was intended to be a stringent and abso-lute requirement. The form given in the statute is to be " sub-stantially" followed, but the fact is in some form to be stated in the record. The statute makes no exception in terms of " acci-dental and occasional errors," but requires something which it is easily in the agent's power to do, and which he and his sureties have undertaken that he shall do. It is the mode provided for a check upon his proceedings. And though we do not mean to be understood as deciding that he is to be responsible for every mistake of fact, if he has made truly and completely the record of the facts so far as they were within his knowledge, — as, for example, if the name entered upon his book was not the true name of a purchaser, if it was the one he understood it to be, — yet the omission to enter the quantity sold to any person, or to

give any name whatever of a purchaser, was a violation of the statute and a breach of the bond, although it might be done negligently, and not wilfully or fraudulently.

The hardship upon a party, who, by slight and unintentional errors, should subject himself to a considerable pecuniary penalty, is apparent. But the suit is in the power of the inhabitants of the town for whose use it is prosecuted; and it can hardly be supposed that they would enforce such a liability to its full extent against one of their citizens, if he could satisfy them that he had acted in good faith and with reasonable regard to the obligations which he had assumed. However this may be, we have only now to decide upon the legal effect and construction of the contract.           *Exceptions sustained.*

At the new trial, before *Wilkinson,* J., the selectmen testified that it was on February 15, 1867, that they gave the agent notice to close his business; and that at the same time they demanded of him an account of his sales, in reply to which demand he on March 9 delivered to their chairman a book account of sales, compiled in the tabular form set forth in the statute, being the same book which was put in evidence at the former trial and now again introduced, showing thirty-six entries in which the agent had made no memorandum of the quantity sold, and in twenty-two of which the sales consisted of two or three different kinds of liquors, and so afforded no means of computing the quantity of either kind inferentially, and showing also seven entries in which there was no memorandum of the name of the person to whom the liquor was sold other than "ice com.," or "man at the pond," or "committee of the camp ground." The plaintiffs further introduced evidence of the deficiency of liquors, substantially as at the former trial; and of the failure of the agent to give any explanation thereof beyond his assertion that his book account was true and he had been entirely honest.

The agent testified that during his term of office he made no sales which were not recorded; that when he was away from home his wife made sales which he entered on his books when

he returned; that it was clear that there were considerable deficiencies of liquors; and that he was wholly unable to explain them.

He then offered in evidence three small books which he said were his private property and contained the original entries of all his sales; and the judge admitted them, against the plaintiffs' objection. The number of sales recorded on these books corresponded with the number recorded on the book which he delivered to the selectmen; but, except in two or three instances, these books contained no record of the residence of the person to whom, nor of the purpose for which, the sales were made. The agent, however, testified as to these books, that " when he sold to any person who resided in the town of Wenham he made no entry of the residence; but when he made sales to any person not residing in Wenham, whom he did not know, he put down the residence; " and that " when he sold for medicinal purposes he made no entry at all upon his book of original entries of the purposes for which the liquors were sold; but, when he made sales for any other purpose, he entered the purpose upon his book." In the book furnished to the selectmen these omissions of residence and purpose were supplied.

There were also in these small books some omissions to record either kind or quantity. But by the bill of exceptions it did not appear that there was on the tabular record any omission of kind, and only the thirty-six instances above named of omissions of quantity. In the corresponding entries on the small books of twenty-eight of these thirty-six there was no omission of quantity; but the plaintiffs contended that the eight others were defective. In the seven cases above enumerated of descriptions of purchasers, which also the plaintiffs contended were insufficient, the entries on the small books were the same as on the tabular record.

The agent testified that the tabular record book which he furnished to the selectmen was copied, at intervals of from one to three months after the sales were made, from the books of original entries, and he intended that it should be, and he supposed it was, a true copy of the original entries; that, when

the selectmen asked him for his account, he did not show them the books of original entries, and had never shown them to any one, although he considered them, as well as the large book, at all times open to the inspection of the proper officers, but no such officer had asked to see them.

The judge submitted, as a question of fact, to the jury, " whether the entries were properly made upon the agent's book or books," and instructed them " that, if the small books were kept as books of original entries of sales, with date of sale, kind, quantity and price of liquor sold, purpose for which and person to whom sold, and were at all times open to the inspection of the selectmen, overseers of the poor, sheriffs, constables, and justices of the peace, in Wenham, they would be a compliance with the law; that, if the contents of the small books were from time to time copied into the large book, and it contained a true statement of the statute requirements, kept in conformity thereto, that book would be a compliance with the law; and that, if the entries on the small books were copied substantially into the large book in good faith, slight and unintentional mistakes in copying would not be a breach of the bond, if all the books were kept as aforesaid, and taking them together the entries conformed to the statute."

The jury returned a verdict for the defendants; and the plaintiffs alleged exceptions, which were argued by the same counsel at November term 1868 for Essex.

WELLS, J. The bond required by Gen. Sts. *c.* 86, § 18, does not secure the town for the loss or deficiency of the liquors intrusted to the agent. It is upon condition that he " shall, in all respects, conform to the provisions of law relating to the business for which he is appointed, and to such rules and regulations " as may be established by the selectmen. The breach relied upon is the failure to keep such books of account or record of sales as the statute requires. Gen. Sts. *c.* 86, § 20. The defendant Dodge kept certain books containing a record of sales, which were subject to the inspection of the proper officers, if they had chosen to examine them. These books were produced at the trial; and, in accordance with the former decision in this

case, the question whether they were a complete and correct record, in compliance with the requirements of the statute, was submitted to the jury, and determined in favor of the defendants.

Upon the question whether the books furnished a complete record, that is, a record of all sales actually made, no point is now open. Upon the question whether the record, as made, sufficiently set forth the various particulars required by the statute, the plaintiffs claimed that certain alleged omissions or deficiencies of statement in the entries should be held, by the court, as a breach of the bond. As the facts in regard to those alleged deficiencies were in dispute, and as the agent had undertaken to account for and explain them by his testimony, we think the judge properly left the whole question to the jury. We must presume that he did so with proper explanations as to what was necessary to constitute a breach of the bond, and proper instructions to enable them to apply to the case such conclusions as they should form upon the facts.

The court below ruled that the small books of original entries would, of themselves, be a compliance with the law, if they contained the several particulars required, and were at all times open to the inspection of the selectmen and other officers. We see no reason to question this ruling. It is true that the statute gives a tabular form for the required statements. But we should be unwilling to hold that the lines by which the several particulars are divided into columns are essential to the record; especially when the statute itself only requires the record to be kept substantially in that form; and the selectmen have adopted no regulation directing it to be only in that particular mode. We think therefore that the judge ruled properly that either record, if it contained all the required facts, would be a compliance with the law. It follows, of course, that the small books were properly admitted in evidence. They were admissible also upon the other question, whether the defendant had in fact accounted for all sales made by him.

It appears that the defendant undertook to make up a more formal record upon blanks furnished to or prepared by him, in

the tabular form, as set out in the statute. This was made up
by transcribing from his other books of original entries. In
regard to this record the court ruled that "if the entries on the
small books were copied substantially into the large book in
good faith, slight and unintentional mistakes in copying would
not be a breach of the bond," provided all the books were kept
as the defendant had testified, and the deficient information was
supplied by the original entries. The mistakes to which this
ruling applies consisted of omissions, in the tabular record, to
enter the quantity of liquor sold in a few cases of small sales.
This tabular record has but one column in which to enter both
the kind and quantity. The books of original entries were open
to inspection, and readily furnished the means of supplying this
deficiency. The statute penalty was undoubtedly intended to
apply to real and substantial deficiencies, and not to mere cler-
ical and unintentional mistakes, not implying neglect of duty.
Upon the whole, we are inclined to think that this ruling was
justified and proper.

The plaintiffs call our attention to a great number of alleged
omissions, which, as is claimed, make the record defective and
insufficient; and the books themselves are referred to. We can-
not go into an examination of the books to verify these state-
ments. The defendant denies that there are any omissions
which are not properly accounted for and explained. A cursory
examination of the books, such as we were able to give at the
hearing, satisfied us that the question whether such omissions
did exist was properly submitted to the jury, with such explana-
tions as the defendant could give as to the characters in which
the entries were made and his mode of keeping his books. No
ruling or instruction was asked or given as to any particular un-
disputed fact of omission. We can only pass upon the rulings
and instructions that were given or refused at the trial. The
detached facts stated in the report of the case do not raise any
question of law for us to decide, unless there was some ruling
upon them at the trial.

As to the omission of the residence of the purchaser and the
purpose of the sale, in the original entries, the defendant testi-

fies that the absence of any such statement on those books indicates a medicinal purpose, and residence in Wenham. As we understand it, both of these omissions were supplied upon the transfer to the tabular form, in all cases; so that in fact no such omission occurs in the tabular record. The same is true of the kinds of liquors sold. As to the omission, in some cases, to enter the quantity in the tabular record, we may assume that the jury found, under the ruling of the court below, that those omissions were by mere clerical mistake, in the transcribing from the original entries. As to the designation of the purchaser by other than the actual name, we must presume, in the absence of any specific ruling asked or question raised at the trial, that the jury were satisfied that the designation given in each case was made in good faith, and did in fact indicate the real purchaser, and so furnish the requisite information to the proper officers who should inquire.                              *Exceptions overruled.*