### W. H. STONE *vs.* A. HUTCHINSON.

#### ON EXCEPTIONS.

THE COURT, in an action for malicious prosecution, admitted evidence of the pecuniary ability of defendant to respond in damages but afterwards excluded the evidence from the consideration of the jury.

HELD, no error, unless it appear that the jury based their verdict on the excluded testimony.   The Court in Banco declined to consider a motion for a new trial on the ground that the verdict was excessive and contrary to law and the evidence, this motion not having been presented to and argued before the Judge who presided at the trial.

It appearing from the evidence that the previous action had not terminated in an acquittal, or by a judgment of the magistrate, but was withdrawn by the prosecutor on terms agreed to by the plaintiff, the Court ordered judgment for the defendant.

Opinion of the Court by HARRIS, C. J.

This is an action based upon a complaint in the following form:

"W. H. Stone, of Kau, of the Island of Hawaii, one of the Hawaiian Islands, the said plaintiff, claims of A. Hutchinson, of said Kau, the said defendant, the sum of $5,000 for damages resulting to him, the said plaintiff, for injury done by the defendant to the reputation, character, and feelings of the plaintiff, in that the defendant contriving and maliciously intending to injure the plaintiff in his good name, fame, and credit, and to bring him into public scandal, infamy and disgrace, and to cause him to be arrested and held in custody and thereby to so oppress and injure him heretofore, to wit, on or about the 22d day of March, A. D. 1877, went before C. A. Akau, the District Judge of Kau, aforesaid, and then and there falsely, maliciously, and without any reasonable or probable cause whatsoever, charged the plaintiff on his oath with having committed the offense of malicious injury by taking the shipping papers of the laborers of J. Nott & Co., a firm doing business in the said Kau, and by instructing the said laborers that if the defendant came, they should not go to work, and that in consequence thereof they refused to go to work; and upon such charge the defendant maliciously and without any reasonable or probable cause whatsoever caused and procured the said Judge to make and grant his warrant, under his hand, for the apprehending of the plaintiff and for bringing him before the said Judge to be dealt with according to the law for the said supposed offense; and the defendant, by virtue of the said warrant, afterward, to wit, on the 23d day of March, 1877, or thereabouts, and in the said Kau, unjustly and maliciously, and without any reasonable or probable cause whatsoever, caused and procured the plaintiff to be arrested and held to bail, and on the following day to be conveyed in custody before the said Judge in the said Kau, and then and there, the defendant being present, renewed the said charge against the plaintiff, with the further charge that the said J.

W. H. Stone v. A. Hutchinson.

Nott & Co. were damaged by the said malicious injury to the amount of over $1,000.   To which charge and complaint the plaintiff pleaded not guilty.  Whereupon the defendant, through his attorney, requested the Judge aforesaid to discharge the plaintiff, on condition that he would deposit the said shipping papers with the Judge aforesaid; which condition the plaintiff submitted to, and gave the said shipping papers to the Judge, who thereupon caused him to be discharged out of custody; and the defendant hath not further prosecuted the said complaint, but hath abandoned the same; and permitted it to be discontinued for want of prosecution thereof, whereby the said complaint is fully ended and determined, to wit, on the 24th day of March, 1877.   And the plaintiff avers that the defendant thereby abused the process of law to the damage of the plaintiff as aforesaid, with the object of extorting from him the said shipping papers, which were lawfully in his possession as the agent and attorney of said J. Nott & Co.   Now the plaintiff says that he was altogether innocent of the said charge, and that by means of the defendant's said malicious charge and complaint he suffered arrest and detention in custody for a part of two days, and also great ignominy and reproach, in contravention of his private rights under the laws."

At the trial it was moved by the defendant that a nonsuit be granted or a verdict ordered for the defendant, because that the prosecution, the subject of this complaint, was not determined by due process of law—that is to say, by the judgment of the magistrate or verdict of the jury and judgment consequent thereon; but was withdrawn on terms assented to by the plaintiff in this action.

The answer made by the plaintiff was, they would not insist on a verdict for malicious prosecution, but for malicious arrest, whereby the process of the Magistrate's Court was abused to obtain private ends.

The motion of the defendant was overruled *pro forma,* and

W. H. Stone *v.* A. Hutchinson.

upon that the defendant alleges exceptions, and upon those exceptions the case is before us.

It was agreed by the bill of exceptions that all the testimony taken at the trial, as contained in the notes of the clerk, which are full, should be read and used at this hearing as part of the bill of exceptions.

The bill of exceptions reads as follows: "Be it remembered, that the above entitled action came on for trial at this January Term of said Court before Chief Justice HARRIS, on the 16th day of January, A. D. 1878.

"1. During the trial the defendant was called and the question was asked him how much he was worth, which question the Court ruled might not be put. The Court permitted the question to be asked of the defendant, whether he could respond to a judgment of $5,000 without distress, which question the defendant's counsel excepted to. But the question being put, the defendant answered, 'Yes, I could.' But when instructing the jury, the Court instructed them that the wealth of the defendant must be disregarded, and the question was, what injury the plaintiff had suffered, and not what the defendant could pay.

"2. During the trial, after evidence of the plaintiff had been put in, counsel for the defendant moved for a nonsuit, or that a verdict should be ordered for the defendant, because the complaint was for malicious prosecution, so charged; defendant claims that action purported to be for a prosecution which was not determined by a judgment of the magistrate. The prosecution was not determined by a judgment of the magistrate. The prosecution was not determined by due process of law, but was withdrawn by the prosecutor on terms agreed to by the plaintiff in this Court. The evidence was of false imprisonment, and there was no evidence of malicious prosecution. The Court overruled the motion *pro forma.* To this ruling the defendant excepted.

"3. After the verdict, counsel for the defendant excepted

to the verdict as excessive and contrary to the law and the evidence, and now move that the verdict be set aside because excessive and contrary to law and evidence, there being no evidence of actual damage."

By the testimony it appeared that the papers retained by Stone, as the property of Nott & Co., were really the property of the defendant in this action, and that the defendant was entitled to the services of the persons whom it was alleged that Stone dissuaded from serving him, the defendant being the assignee of Nott & Co.

Mr. Charles Spencer testified that the plaintiff came to his house about midnight and said that he wished to go to Honolulu, and was going to stop Mr. Hutchinson from getting the men if he could; and that he thought he could do so, and was going to Kona, with the intention of getting on board the British war vessel Fantome, bound to Honolulu, and that he would try to get the laborers from Hutchinson; that he (the witness) advised Stone to give up the papers, or he would get into trouble. And the witness farther testified that he met Mr. Hutchinson at the beach on his arrival from Honolulu, and told him of the intentions of the plaintiff towards him. The first exception is fully covered by the recently decided case of Kaleleonalani *vs.* J. Mott Smith and others, trustees, where the Court held that evidence improperly admitted is not a ground of exception where the Court afterwards excludes it from the consideration of the jury. Such cases are liable, however, to examination, if the jury have obviously disregarded the instruction of the Court and given a verdict necessarily based on the excluded testimony.

For the third exception:

The custom of this Court has been that exceptions of that nature shall be argued on a motion for a new trial before the Judge who presided at the trial, and this custom is so reasonable and convenient that we do not like to give any encouragement to a contrary practice. We are unwilling to say at

present that we never will entertain such exceptions, but it must be a very strong case to induce us to do so. There seems to be every reason for continuing the practice, and none for departing from it.

This leaves but the second exception to be considered, and upon this Messrs. Castle and Hatch and Mr. Preston for the defendant, make the following points:

1.   That the plaintiff was in possession of documents belonging to defendant, and wrongfully claimed them.

2.   That an action for malicious prosecution cannot be maintained, even though defendant had a probable cause in the form of action which he adopted, and cites Whalley vs. Pepper, 7 Carr & Payne, 506.

3.   No malice was shown; the defendant's object was to obtain possession of his own property, and no damage can be recovered unless malice is proved, and cites Sinclair vs. Eldred; 4 Taunton, 7; 4 Bingham, 16; Harkrader vs. Moore, 53 Cal., 144; Cloon vs. Gerry, 13 Gray, 201; Kidder vs. Parkhurst, 3 Allen, 393; likewise 1 Starkie, 50.

And again, it was not shown that the prosecution complained of terminated in favor of the present plaintiff, and to justify a recovery, the termination of the proceeding alleged to have been malicious must affirmatively appear to have been in favor of the defendant in that proceeding; that the action will not lie if the indictment is *nolle prosse'd*, or if the proceedings complained of terminated by consent of the parties, and on these points cites De Forest vs. Barker, 1 Rob. N. Y., 703; Gorton vs. De Angelis, 6 Wend., 418; Bacon vs. Towne, 4 Cush., 217; Parker vs. Farley, 10 Cush., 482; and Lord Tenterden's dictum, M. & M., 495, 1 Harrison's Digest, 1450. An action for a malicious arrest cannot be maintained where the former cause was terminated by a "*stet processus*" by the consent of the parties.

And, *per contra*, Mr. Dole, for the plaintiff in this action, makes the following points:

The declaration of the complaint was for malicious arrest and abuse of legal process to compel the plaintiff to give up certain papers, and it was not necessary to prove that the prosecution had determined, and cites 2 Greenl. on Evid., 452; Bebinger *vs.* Sweet, 13 N. Y., Superior Court, 478; Bigelow's Leading Cases, Grainger *vs.* Hill, 184, 187, 188; Hilliard's Rem. for Torts, 341.

And again: If the Court should consider that this was a complaint for malicious prosecution, they must find that the prosecution was a criminal one; that the prosecutor had this plaintiff in his power; that he only voluntarily discontinued the prosecution when he had gained his end, which could hardly be called a compromise or a withdrawal of prosecution by agreement.

Such a determination would probably satisfy the rule, "An action has been held to be *prima facie* sustained by proof that the suit complained of was voluntarily discontinued, throwing upon the defendant the onus of showing probable cause;" and thereupon cites 1 Hilliard on Torts, 496–7.

And again: A discharge of the person by the prosecuting attorney is the usual mode of terminating the prosecution in Illinois.

A bill may not be ignored before he may maintain an action for malicious prosecution. Hilliard's Remedies for Torts, 524, Section 36.

A distinction is sought to be established in this case by the plaintiff's counsel between an action for malicious prosecution and an action for malicious arrest, because, as it is argued, though in an action for malicious prosecution it might be necessary that the action should be closed by an acquittal, yet in an action for malicious arrest or an abuse of the process of the Court, it would not be necessary to show that the matter had been prosecuted to an end and an acquittal had.

On examining the complaint, it will be evident that this is an action for malicious prosecution. The gravamen of the

complaint is that this defendant, intending to injure this plaintiff, and to bring him into public disgrace and to cause him to be arrested and held in custody, maliciously and falsely charged the plaintiff on his oath, etc., etc., and upon such charge procured the Judge to issue his warrant to apprehend the plaintiff and bring him before the Judge to be dealt with according to law, and in consequence of said complaint the plaintiff was arrested, brought in custody before the Judge, and there charged as aforesaid, and the plaintiff pleaded *not guilty.*

This is a complaint for malicious prosecution in the ordinary and common form.

And though, at the trial, the point was made for the then defendant that it was shown that the plaintiff was not acquitted, and the prosecution was withdrawn on terms assented to by the plaintiff in this action, and it was answered that the plaintiff would not insist on a verdict for malicious prosecution, but for malicious arrest alone, whereby the process of the Court was abused to obtain private ends. Such a statement on the part of the plaintiff would not alter the nature of the case, for, of course, the plaintiff, when he saw his verdict endangered, would take one on any ground on which he could get it.

Now, the proposition that it is necessary in an action for malicious prosecution to show that the previous action terminated in an acquittal of the plaintiff, is so well established as not to be open for debate, and more especially when the action has terminated by a compromise—that is to say, on terms agreed to by the plaintiff. This rule is founded on reason, for it cannot be made evident otherwise that the plaintiff would not have been convicted, and if he should have been convicted it would have been evident that the accusation was not false and malicious, and to maintain this action the accusation must have been both false and malicious. Accusations for malicious injury and for assault and battery, and such like

actions, are very largely of a personal nature at all times; they are not felonies which one is bound to prosecute in the interest of public morality. Suppose any one should take down a fence, and the opposite party, knowing that the fence was his own, and believing that the removal was made with the sole intention of injuring him, should commence prosecution for malicious injury, and then the person so arrested should come to him and say that he was sorry for what he had done, and should receive as a reply, "Well, if you go and put the fence back, I will say nothing more about it and stop the prosecution," and thereupon the prosecution is stopped, it will commend itself to the reason of all men that it would be impossible to sustain an action for malicious prosecution after that, for the plaintiff himself would have in the former prosecution rectified his supposed wrong and made a condition for himself that he should not be prosecuted. To hold otherwise would enable him simply to lay a trap for his unwary and trusting adversary—it would be to allow a punishment for kindly and neighborly feeling and forbearance.

It is urged for the defence that the refusal of the presiding Judge to order a nonsuit or verdict for the defendant at the close of evidence for the defendant, if he thinks there is evidence to go to the jury, is no ground for exceptions, and counsel cites 4 Cush., 414 and 418; 5 Cush., 67 and 69; 98 Mass., 481; 12 Allen, 582.

The very question before this Court is whether there is any evidence at all to go to the jury to support an action for malicious prosecution. If a Judge declines ordering a nonsuit because he is of opinion that there is evidence to go to the jury, it is certainly no ground of exception, 4 Cush., 418, because that the defendant has no right to require the Judge to express an opinion on the weight and sufficiency of the evidence to support the plaintiff's case. 5 Cush., 69.

But this is a different case. The Court did not refuse to order a nonsuit, because he thought there was evidence to go

to the jury; but the motion went to the whole nature of the case. The Chief Justice overruled the motion *pro forma* only, so that exceptions might be taken and carried up. He might have said, "I reserve the point," as provided by the Civil Code, Section 834, and the action taken under the circumstances of the case was equivalent to reserving the point.

On the whole, the question was fairly raised, and all the Judge was called upon to decide was not on the sufficiency of the testimony, but whether by the well adjudicated rules of law on the whole case as shown, the defendant was liable; indeed, the whole case comes within the principle of the case cited by the plaintiff. Wentworth *vs.* Leonard *et al.*, 4 Cush., 417.

In examining the cases cited by the plaintiff's counsel to support his point on malicious arrest and abuse of the process of the Court, it will be found that they are hardly applicable to the facts of this case as stated in the complaint. The cases cited are those where arrests were procured in aid of civil process, or other cases where the arrest is the substance of the proceeding complained of, and not a part of and the first step in a prosecution for a criminal offense, and the conclusion which is reached above, viz., that this is a malicious prosecution, and in order to maintain this action it should have been terminated by an acquittal, renders it unnecessary to examine the point as to whether there was probable cause, or whether the defendant was actuated by malice solely in making his complaint.

On these last points it will be found, however, the law is very clearly laid down in the case of Ah Cheu *vs.* Wong Kuai, 3d Haw. Rep., 85, to which we refer, merely remarking that from the year 1699 to the present time the rule has prevailed that the plaintiff must give some evidence that the prosecution was instituted without reasonable and probable cause. 1 Salk., 13.

There ought to be enough to satisfy a reasonable man that

the accuser had no ground of proceeding but his desire to injure the accused. Tindall, C. J.; 6 Bingham, 183–186.

There is no presumption of malice in this action; the plaintiff must prove it. Levi *vs.* Brannan, 39 Cal., 484. But it is not necessary to prove malice in the ordinary sense of the term, but any improper and sinister motive. Paige *vs.* Cushing, 38 Maine, 432. The second exception is therefore sustained, and judgment is ordered to be entered for the defendant. Costs since the trial before the jury may be divided; previous costs must be paid by the plaintiff.

S. B. Dole for the plaintiff.

Messrs. Castle & Hatch and E. Preston for the defendant.

Honolulu, May 28, 1878.