## LEONG YAU *v.* WILLIAM T. CARDEN.

## No. 940.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
HON. T. B. STUART, JUDGE.

ARGUED JUNE 13, 1916.                    DECIDED JUNE 26, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

MALICIOUS PROSECUTION—*essential elements—pleading.*

·A complaint which alleges that a criminal proceeding was instituted against the plaintiff by the defendant; that it was done without probable cause and with malice on the part of the defendant; that the proceeding terminated in favor of the plaintiff; and that the plaintiff sustained damage, states a case of malicious prosecution.

SAME—*termination of original proceeding—nolle prosequi.*

A *nolle prosequi*, when not entered at the instance or with the consent of the defendant, is a sufficient termination of the proceeding upon which to found a claim for damages for malicious prosecution.

SAME—*liability of prosecuting officers.*

A public prosecuting officer is not to be held liable in damages for an honest mistake or mere error of judgment in instituting criminal proceedings; but if he proceeds maliciously and without probable cause, he will render himself liable in damages to the party injured.

OPINION OF THE COURT BY ROBERTSON, C.J.

In an action for damages for malicious prosecution the circuit court overruled a demurrer to the plaintiff's complaint and allowed an interlocutory bill of exceptions. It was alleged in the complaint that the defendant, at all times mentioned therein, was a deputy city and county attorney of the city and county of Honolulu, whose duty it was to investigate charges of crime, and, in proper cases,

to prosecute the same; that on or about the 3rd day of December 1915, the defendant falsely and maliciously and without reasonable or probable cause therefor, instituted criminal proceedings against the plaintiff by signing and filing a false and malicious affidavit and complaint before a judge of the circuit court of the first circuit charging the plaintiff with having violated the law against usury (R. L. 1915, Sec. 3443), a misdemeanor; that the defendant maliciously and without probable cause influenced and prevailed upon said judge to issue a warrant for the arrest of the plaintiff, and delayed the arrest of the defendant until the night-time of said day, and caused the sheriff, who made the arrest, to hold the plaintiff to bail in the unreasonably large sum of one thousand dollars; that on December 4 the circuit judge reduced the bail to the sum of five hundred dollars; that thereafter, on the 4th, 6th, 10th and 21st days of January 1916, the defendant appeared in the circuit court and demanded trial of the case, but the prosecution objecting the case was repeatedly postponed until January 24 when it was dismissed by the city and county attorney, and the plaintiff was thereupon discharged by the court; that the proceeding was then and there wholly ended and determined; and that by reason and as a result of such malicious prosecution the plaintiff was damaged, etc. The defendant demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action against him; and that it appeared from the complaint that the acts and things therein complained of were done by the defendant in pursuance of his official duties as a deputy city and county attorney.

On behalf of the appellant it is contended that the allegations of the complaint as to obtaining the issuance of the warrant of arrest are insufficient, being mere conclusions and not statements of fact; that the complaint

does not show that the original proceeding complained of has been terminated in favor of the defendant therein; and that the appellant as a public prosecuting officer is not liable to respond in damages in a civil action touching his official conduct. In support of the first point it is urged that it was the duty of the circuit judge to decide whether the facts were sufficient to justify the issuance of a warrant of arrest, and that the appellant should not be held responsible for the action taken by the circuit judge as to which he, of course, had no control. The case of *Gomez* v. *Whitney,* 21 Haw. 539, is cited. That was a case of false imprisonment, and it was there held that the attorney-general, who had submitted to a circuit judge an affidavit of certain facts upon which the judge, in excess of his jurisdiction, issued an order upon which the plaintiff, a proposed witness in a criminal case, was committed to jail pending his giving a recognizance to appear and testify, was not liable in damages because of the illegal imprisonment. That case does not help the appellant here. There, as stated by the court, it was not claimed that the attorney-general had made any misrepresentation as to the facts or used any other improper means to secure the order; whereas here it is alleged the affidavit which the defendant made was false and malicious, and that the whole proceeding was without probable cause. It would be going to a very great length to say that one who has by false representations induced a judge to issue a warrant of arrest may, in case trouble follows, hide behind the judge's action. It is alleged in the complaint that a criminal proceeding was instituted against the plaintiff by the defendant; that it was done without probable cause and with malice on the part of the defendant; that the proceeding terminated in favor of the plaintiff; and that the plaintiff sustained damage. Such allegations state a case of malicious prosecution. 13 Enc. Pl. &

Pr. 427; *Kerr* v. *Hyman,* 6 Haw. 300; *Lyons* v. *Coal Co.,* 84 S. E. (W. Va.) 744; *Chicago etc. R. Co.* v. *Holliday,* 30 Okl. 680. Next, it is argued that the complaint does not show that the criminal proceeding terminated in favor of the defendant. It is alleged that the case was dismissed by the prosecution and that the defendant was discharged by the court. In other words, that the defendant was discharged upon the entry of a *nolle prosequi.* In 26 Cyc. 60, it is stated that "There are authorities holding that an action of malicious prosecution will not lie on the entry of a *nolle prosequi.* The greater weight of authority, however, is that it is a sufficient termination of the prosecution to authorize defendant to sue for malicious prosecution, when entered with the consent of the court, for reasons other than an irregularity or informality in the indictment, and when not entered at the instance or with the consent of defendant." The rule in this jurisdiction is in accord with the weight of authority. *McCrosson* v. *Cummings,* 5 Haw. 391; *Stone* v. *Hutchinson,* 4 Haw. 117. The argument advanced under the third point is to the effect that the appellant, as a deputy city and county attorney, is, by statute, a deputy attorney-general of the Territory; that he is a public prosecutor; that public prosecutors are judicial officers; and that a judicial officer is not liable in damages for acts done in the course of his duty, even though wilful and malicious. Counsel for the defendant are in error in assuming that all judicial officers are under all circumstances exempt from civil liability for the invasion of private rights. In the leading case of *Bradley* v. *Fisher,* 13 Wall. 335, 351, the supreme court said, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must here be observed between excess of jurisdiction and the clear ab-

sence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible." The decision in that case was followed by this court in *Gomez* v. *Whitney, supra.* A judge of a court of general jurisdiction in deciding disputed questions of jurisdiction acts judicially, and, consequently, it would be an extreme case where such a judge would be acting in "the clear absence of all jurisdiction," but neither of those cases, nor any decided case that we are aware of, sustains the idea that under no possible circumstances may a judge of even superior jurisdiction be within the pale of civil accountability. In the case of *Spalding* v. *Vilas,* 161 U. S. 483, an action for damages against the postmaster-general of the United States, the court held that the general principle applicable to judges of courts of superior jurisdiction applies by analogy to the heads of the executive departments of government. And the court said (p. 498), "As in the case of a judicial officer, we recognize a distinction between action taken by the head of a department in reference to matters which are manifestly or palpably beyond his authority, and action having more or less connection with the general matters committed by law to his control or supervision." As to the liability of judges of courts of limited and inferior jurisdiction different views have been expressed. What is said to be the weight of authority is to the effect that such judges are liable whenever they act in excess of their jurisdiction (23 Cyc. 569), though some courts, strongly dissenting from that view, maintain that the rule applied to courts of general jurisdiction ought to be applied likewise to those of limited jurisdiction. See cases cited in 21 Haw. 547. In *Alau* v. *Everett,* 7 Haw. 82, one of the defendants, a police

judge, was held liable in an action for damages for punishing a party for contempt of court for violation of an order made by him in excess of his jurisdiction. So much for the legal liability of judicial officers. Is a public prosecuting officer a judicial officer? In a broad sense the term "judicial officer" would include any public officer who exercises judicial powers in or out of court. In a stricter and more accurate sense it would be limited to such as exercise judicial functions in court. See Newell on Malicious Prosecution, 125; *People* v. *Salsbury*, 134 Mich. 537. In Bouvier's Law Dictionary it is stated that "executive officers are those whose duties are mainly to cause the laws to be executed," and that "judicial officers are those whose duties are to decide controversies between individuals, and accusations made in the name of the public against persons charged with violations of the law." Public prosecuting officers are, properly speaking, executive officers. Though, like all enrolled attorneys, they are officers of the courts, they are not part of the courts. In discharging their duties executive officers are at times required to perform acts of a judicial nature, but even then they act no more than quasi-judicially. In 32 Cyc. 717, it is said "A prosecuting attorney, being a judicial officer of the state, is not liable in damages for acts done in the course of his duty, although wilful, malicious, or libelous." The only case cited in the note which sustains the statement of the text is *Griffith* v. *Slinkard*, 146 Ind. 117. That case is relied on by the defendant in this case. We doubt the correctness of the conclusion reached by the court in that case, and are not disposed to follow it here. Mr. Newell, in his work above cited, says, at page 166, "The functions of a quasi-judicial officer are those which lie midway between the judicial and ministerial ones. The lines separating these from such as are thus on their two sides are necessarily indistinct; but in general terms, when the law, in words or by implica-

tion, commits to any officer the duty of looking into the facts and acting upon them, not in a way which it specifically directs, but after a direction in its nature judicial, the function is termed quasi-judicial. The same reasons of private interest and public policy which operate to render the judicial officer exempt from civil liability for his judicial acts within his jurisdiction apply equally as well to the quasi-judicial officer. He cannot be called upon to respond in damages for the honest exercise of his judgment within his jurisdiction, however erroneous or misguided that judgment may be." In *Pike* v. *Megoun,* 44 Mo. 491, 496, the court said, "to render a judge acting in a ministerial capacity, or a ministerial officer acting in a capacity in its nature judicial, liable, it must be shown that his decisions were not merely erroneous, but that he acted from a spirit of willfulness, corruption, and malice; in other words, that his action was knowingly wrongful, and not according to his honest convictions in respect of his duty." In *Skeffington* v. *Eylward,* 97 Minn. 244, the chairman of a board of town supervisors was held liable in an action of malicious prosecution. The court, in its opinion (p. 248), said, "It is further urged on behalf of the defendant that, because it was his official duty to prosecute all persons violating the provisions of the statute relating to the obstruction of public highways, he is not liable for a mistake of judgment, even if another has suffered by the mistake. If he acted upon probable cause, this would be true; otherwise not. The fact that he acted in his official capacity in making the complaint was, as the jury were instructed, a matter to be considered by them in determining the question of probable cause." The case of *Gasper* v. *Nahale,* 14 Haw. 574, was an action for damages for malicious prosecution against a deputy sheriff. Deputy sheriffs are authorized by law to prosecute criminal cases in the district courts, but there was no intimation in that case that they may not be

liable in damages for a malicious prosecution. It was there said, "If an officer acts honestly and with ordinary discretion in commencing prosecutions against persons accused of crime public policy forbids that he should be annoyed and harassed by suits for malicious prosecutions even in cases where the district magistrate may dismiss the charges." There is nothing in that statement inconsistent with the view that public prosecutors may render themselves liable by acting with malice and without probable cause.

A public prosecuting officer, in determining whether certain purported facts which have been brought to his attention justify the accusation and prosecution of a person believed to have committed an offense, acts in a quasi-judicial capacity, and he is not to be held liable in damages for an honest mistake or error of judgment in instituting a criminal proceeding against such person. But if he prosecutes without probable cause and with malice he certainly is in no better position than the judge of a court—superior or inferior—who proceeds maliciously and without any jurisdiction, or the head of an executive department who acts maliciously and without color of authority. Public prosecuting officers are entitled to protection against claims growing out of the discharge of their duties done in good faith though with erroneous judgment, but private individuals are entitled to the protection of the law against any conduct of such officers which is at once reckless, malicious and damaging. We are here dealing with a demurrer to a complaint, and we are of the opinion that the complaint states a case to which the defendant must answer.

The exceptions are overruled.

*L. Andrews* and *W. B. Pittman* for plaintiff.

*F. W. Milverton* (*Thompson, Milverton & Cathcart* on the brief) for defendant.