## SUPREME COURT—IN BANCO.

*Allen, Ch. J., Hartwell, J.  (Austin, J., had been of counsel in the case.)*

### AH CHEU *vs.* WONG KUAI.

IN A suit for MALICIOUS PROSECUTION, a NONSUIT is properly ordered, if the plaintiff's evidence, admitting it to be true, fails to show WANT OF PROBABLE CAUSE.

The opinion of the Court was rendered by Mr. Justice HARTWELL, ALLEN, Ch. J., concurring.

This was a bill of exceptions to a nonsuit ordered by the presiding Judge of this Court at the last July term.   The defendant had procured the arrest, indictment and trial of the plaintiff, on a charge of embezzlement.   The plaintiff introduced in evidence the records of the proceedings before the committing magistrate, and at the trial in the last April term, also the testimony of J. Montgomery, David Dayton, Kailiuli, Pakeokeo, W. C. Parke, R. G. Davis, J. W. Martin and W. C. Jones, and closed his case.   The Court then, on motion of the defendant's counsel, ordered a nonsuit, on the ground that the plaintiff had failed to show want of probable cause.

This case presents two questions, viz. : had the presiding Judge a right to decide whether there was or was not probable cause for the prosecution, and, provided he had such right, did the facts authorize the judgment given?

It was never doubted that want of probable cause lies at the foundation of this action, and must be affirmatively shown by the plaintiff to entitle him to a verdict, and that the existence of probable cause is an effectual bar to the action.   But the plaintiff's counsel urge that this is a mixed

Ah Cheu *v.* Wong Kuai.

question of law and fact, which should have gone to the jury under proper instructions from the Court; that it is for the jury alone to say whether there was malice or not, although the law may require them to presume malice from want of probable cause; and that as the plaintiff has the burden of proving a negative, where the facts lie mainly in the knowledge of the defendant, slight evidence may suffice to prove want of such cause. These positions are sustained by the authorities. Johnstone *vs.* Sutton, 1 T. R., 493. Baldwin *vs.* Weed, 17 Wend., 227. And the authorities further establish, that where there are facts in controversy from which, if true, the jury might infer want of probable cause, and if not true, its existence, it would be error for the Court to weigh and pass upon such evidence. Munns *vs.* Dupont, 3 Wash., C. C., 31.

It is equally well settled that where there are no facts in controversy *material to the issue*, the Court should decide whether the facts proved do or do not show want of probable cause, and may properly order a nonsuit if they do not. Davis *vs.* Hardy, 6 B. & C., 224. Cloon *vs.* Gerry, 13 Gray, 201. Masten *vs.* Deyo, 2 Wend, 429. Kidder & ux *vs.* Parkhurst et al., 3 Allen, 295. Of course the case is still stronger if the evidence offered not only fails to show want of probable cause, but should prove that such cause did exist. In such case, it would be the duty of the Court to instruct the jury to find a verdict for the plaintiff on the facts proved, whatever they might find as to the disputed but immaterial facts.

"Probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested is guilty." Shaw, C. J., in Bacon *vs.* Towne et al., 4 Cush., 239. In Broad *vs.* Ham, 5 Bing., N. C., 722, Tindal, C. J., says: "There must be a reasonable cause, such as would operate on the mind of a discreet

man; there must also be a probable cause, such as would operate on the mind of the party making the charge." Adopting these definitions, we are of opinion that the plaintiff himself has submitted evidence of facts which authorized a nonsuit. This is not a suit to be favored by the Courts. It is not for the plaintiff to complain, when, upon his own showing, he does not come into Court with clean hands. The evidence of the plaintiff's own witnesses is that the defendant's legal adviser had counselled him that the plaintiff had acted dishonorably, and had told the plaintiff that he ought to pay what he owed the defendant.

The facts are admitted, or are not controverted, that the defendant's firm, Chulan Bros., sold the plaintiff goods at cost, on an agreement that they should have ten per cent. above on sales, and that he should buy only of them; that they sent their agent, Ah Kim, to Hanapepe, where the plaintiff kept his store, and that Ah Kim, pursuant to their instructions, took an account of stock and cash on hand; that the plaintiff first complained to the local magistrate at Waimea that Ah Kim was trespassing on his property, but upon the day fixed for the hearing, as the magistrate testifies, had come to an understanding with Ah Kim, transferring the store and contents to him; that this agreement was written by the magistrate, and signed by the plaintiff and Ah Kim, March 11th; that Ah Kim gave the plaintiff a letter to Chulan Bros., dated March 3d, informing them that he had counted the goods and cash, and paid to the plaintiff $86.37 to deliver, together with the letter and a book containing the inventory of stock, to the defendant; that the book and letter were delivered by the plaintiff to the defendant at Honolulu, and in reply to the defendant's demand for the money, the plaintiff put him off from time to time, admitting that he had the money, and saying at one time that he had forgotten it, and finally, on going with the defendant to Judge AUSTIN, claiming part of the money as due him on set

off, still admitting, however, that the rest of the money belonged to the defendant; that the plaintiff finally left for Kauai without paying the money, or any part of it, or attempting to account for it, and that on the plaintiff's return to Honolulu the defendant made a complaint before Judge Montgomery, who testified, as the plaintiff's own witness, that he gave the matter two days' consideration, and then ordered the plaintiff to be committed for trial; nor does it appear that the plaintiff has ever paid this money, or attempted a settlement. Looking at these facts, this Court cannot say that there was an absence of such probable and reasonable cause as might lead the defendant, or "any man of ordinary caution and prudence, to entertain an honest and strong suspicion" of the plaintiff's guilt of the charge preferred against him. On the contrary, we are of opinion that these facts show an actual presence of such cause, and that a nonsuit was properly ordered. Judgment affirmed.

Messrs. Jones and Thompson for plaintiff.

Messrs. Judd and Stanley for defendant.

Honolulu, November 11th, 1868.