## ANTONE SYLVA *v.* PATRICK COCKETT.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JUNE 19, 1899.          DECIDED AUGUST 3, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

Where a party before swearing out a warrant for a criminal offense presents all the essential facts and obtains thereupon advice of responsible counsel that he has reasonable grounds to believe that such offense has been committed, it is a defense to an action for malicious prosecution for such arrest.

### OPINION OF THE COURT BY JUDD, C.J.

On the second of September, 1898, one Peter Cockett, defendant herein, swore out a warrant of arrest against one Antone Sylva, plaintiff herein for the offense of wilfully and feloniously branding a cow and calf, the same being the property of the said affiant. Previous to doing so he took the advice of G. Hons, Esq., a reputable attorney of this court detailing all the facts that had come to his knowledge and showing a bill of sale of the said animals to himself by Henry Kekeleiaiku, the then owner of the said animals.

The sheriff of the island also made an examination of the case and approved of the warrant.

On the trial before the district magistrate Sylva was acquitted of the charge. Whereupon he brought his action against Cockett for five thousand dollars for malicious prosecution alleging a want of probable cause for the arrest.

The above facts being shown, the court granted defendant's

motion for non-suit on the ground that plaintiff did not show a want of probable cause and malice on the part of the defendant in causing the plaintiff's arrest; to this exception is taken to this court.

It appeared from the evidence that before swearing out the warrant Cockett had made to his counsel a full statement of the facts, both those known to him and those to which others would testify, and had been advised by his counsel that the facts were sufficient, and nothing was adduced on behalf of the plaintiff to show either that such statement was not full or that such advice was not given in good faith or to show want of probable cause or malice in any other way. The plaintiff apparently relied on the mere fact that he was acquitted on the criminal charge to show both want of probable cause and malice.

Advice of counsel given bona fide upon a full presentation of the facts always protects one in making a criminal charge. The court might well have directed the jury to find a verdict for the defendant. But a non-suit was quite within its powers.

The exceptions are overruled.

*J. M. Kaneakua* and *E. Johnson* for plaintiff.

*A. N. Kepoikai* for defendant.