## CHING LUM *v.* LAM MAN BEU.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 24, 1909.                    DECIDED MARCH 15, 1909.

HARTWELL, C. J., WILDER AND BALLOU, JJ.

EVIDENCE—*cross-examination.*

A witness may be cross-examined as to matters brought out on direct examination which would otherwise be inadmissible.

MALICIOUS PROSECUTION—*advice of counsel.*

In malicious prosecution the defendant may show that in causing the arrest of plaintiff he acted on the advice of counsel.

EVIDENCE—*translation of interpreter.*

In order to impeach a witness the English translation of evidence which he gave in Chinese through an interpreter at a former trial cannot be testified to by one unacquainted with the Chinese language, even though the interpreter was absent from the jurisdiction, at least until it appears that there was no one else available who could testify to what the witness said in Chinese.

MALICIOUS PROSECUTION—*instructions—probable cause.*

In malicious prosecution an instruction that "A person commencing a prosecution for a crime committed against his person or property is not required to act with the same impartiality and freedom from prejudice in drawing his conclusions as to the guilt of the accused as a person entirely disinterested would be," in addition to other proper instructions as to probable cause, is not erroneous.

OPINION OF THE COURT BY WILDER, J.

This is an action for malicious prosecution in which a verdict was rendered for defendant. Plaintiff comes to this court on exceptions.

The first exception is that defendant's counsel was allowed to ask plaintiff on cross examination the following question: "Is it not a matter of fact that you are a doubly married man, that you have one wife in China and one here?" The objection was that it tended to prejudice plaintiff in the eyes of the

jury. Plaintiff, however, in answer to a question by his coun-
sel had stated on his direct examination that he was a married
man. Under such circumstances the question was proper.

The fourth exception is to the denial of plaintiff's motion
to strike out an answer by Mr. Withington, an attorney, in
response to a question as to a conversation between him and
defendant which preceded the arrest of plaintiff on a charge
of assault and battery for the malicious prosecution of which
this action was instituted. The attorney was put on the stand
for the purpose of showing that in the matter complained of
defendant had acted on the advice of counsel. The motion
was properly denied. *Sylva v. Cockett,* 12 Haw. 133.

Exceptions five and six relate to the admissibility of evidence
tending to impeach the defendant who was asked if he had
made certain statements in the district court on the trial of the
assault and battery case inconsistent with his testimony on those
points in this case which he denied. The testimony of the
defendant in the district court was in the Chinese language
and all that the witnesses in this case could testify to was the
English translation by the Chinese interpreter, the interpreter
himself being absent from the jurisdiction at the time of this
trial. It is not claimed that the interpreter was the agent of
the defendant while testifying. It is conceded that the general
rule is that such testimony is not admissible, but it is claimed
that in the absence of the interpreter from the jurisdiction,
thus rendering him unavailable, such evidence is allowable,
citing particularly *Schearer v. Harber,* 36 Ind. 536, and 3
Wigmore Ev., Sec. 1810. In the Indiana case it was not shown
why the interpreter was not called as a witness and consequent-
ly it was held that the evidence was erroneously admitted. The
opinion went further, however, and stated obiter that, if it had
been shown that the interpreter was absent from the jurisdic-
tion, persons unacquainted with the language used could testi-
fy as to the translation. Professor Wigmore inclines to the

same view on the theory that the interpreter is in the same class as the witness, apparently overlooking the fact, however, that, as it is only at the subsequent trial that the witness testifies differently from the translation at the first trial, there has been no opportunity for the cross examination of the interpreter on that issue, which as he points out in Sec. 1395 of his work is essential. This testimony does not strictly come within any of the recognized exceptions to the hearsay rule (2 Wigmore Ev. Sec. 1426). It may be inferred, however, that the translation is trustworthy from the fact that it was given by a sworn officer of the court and under such conditions of publicity that an error, if it had occurred, would probably have been detected and corrected. If in addition to this it appeared that there was a necessity for the reception of this testimony, that is, that it could not otherwise be shown, (2 Wigmore, Sec. 1421,) it may be that it should be allowed. But in this case there was no attempt made to show that no one else was available who could testify as to what the witness said in Chinese. Therefore we think there was no error in refusing to admit the testimony.

Exception eight is to the following instruction to the jury which the court gave at the request of defendant: "A person commencing a prosecution for a crime committed against his person or property is not required to act with the same impartiality and freedom from prejudice in drawing his conclusions as to the guilt of the accused as a person entirely disinterested would be." This was not erroneous, (*Cole v. Curtis*, 16 Minn. 182,) particularly when taken in connection with other instructions as to probable cause, as set out in *Phillip v. Waller*, 5 Haw. 609, 613, which were given.

The last exception is that the verdict was contrary to the law and the evidence and the weight of evidence. A perusal of all of the evidence shows that the verdict was justified.

This disposes of all of the exceptions which were argued.

Exceptions overruled.

*J. Lightfoot* for plaintiff.

*D. L. Withington* and *J. W. Carthcart, (Castle & Withington* also on the brief,) for defendant.