FANNY YOUNG *v.* WONG MING, GLADYS HOON YAU WONG AND WILLIAM ROBELLO.

No. 2405.

Submitted November 14, 1940.     Decided November 18, 1940.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE MATTHEWMAN IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY KEMP, J.

The plaintiff, Fanny Young, was injured while a passenger in the automobile of the defendants Wong Ming and Gladys Hoon Yau Wong. Said automobile was being operated by their employee, Yee Quon Chong, as a taxi along Beretania street, in an Ewa direction, and collided with another automobile driven by the defendant William Robello along Beretania street, in a Waikiki direction. As a result of said collision, plaintiff was injured. The complaint alleged concurrent negligence of the two drivers and that as a direct and proximate result of the said negligence the plaintiff sustained severe and permanent injuries, etc. After a trial, jury waived, the court rendered its decision in writing, finding the following facts:

"The great weight of the credible evidence shows that the driver of the taxi had come to the house of the Plaintiff, upon call, and there picked her and her father-in-law up and was driving toward town on Beretania Street; that the Defendant, Robello, was driving Waikiki way on Beretania Street and the cars met at the intersection of Beretania and Piikoi Streets; that the cars hit at a point fifteen feet five inches from the makai side of Beretania Street and nine feet seven inches from the Waikiki side of Piikoi Street. Officer Kualii, whom the Court believes, stated that there was no difference in the places pointed out by the two drivers or their statements, except that the taxi driver said that he had his hand out and Robello said that he did not see it. The taxi driver made a quick left turn, cutting the corner, going around thirty miles an hour, and was talking with the passenger

in the back seat; did not blow a horn and did not give a clearly visible hand signal, while Robello was traveling at a high rate of speed, considerably over the speed limit, his car not under control, struck the taxi with terrific force, driving it over very near the makai-Waikiki corner of the intersection and going on for some little distance. It was during school time and the speed limit over the highway that Robello was travelling was twenty miles an hour at that time. The Court therefore finds both drivers were negligent and their concurrent negligence caused the injuries to Plaintiff. The Court does not believe the witness Chong. The Partnership between Wong Ming and his wife, Gladys Hoon Yau Wong was admitted, and the taxi driver, Chong, as their agent, was fully shown.

"The injuries to Plaintiff were that she was thrown forward against the back of the front seat and then against the side of the car with the result that she lost one tooth and her back badly sprained, and that she lost her milk for the very minor baby. She has been under medical attention for the injuries and the doctor testified that the amount of the bill was worth Two Hundred and Twenty Five Dollars ($225.00), but, as he was a relative, he had not sent the bill until during the trial and after he had testified the first time. The dentist stated that Twenty-five Dollars ($25.00) was a reasonable amount for the bridge work, and the Court feels that the sum of Two Thousand Two Hundred and Fifty Dollars ($2,250.00) would be a reasonable amount for general damages, making the total judgment in the amount of Two Thousand Five Hundred Dollars ($2,500.00)."

The defendants Wong Ming and Gladys Hoon Yau Wong are husband and wife and, as stated by the court, it was admitted that they were partners in the taxi business and it is not questioned that Yee Quon Chong was

operating said taxi as their employee at the time of the collision.

The defendants Wong duly filed a written exception to the decision in the following words: "Come now WONG MING and GLADYS HOON YAU WONG, two of the defendants above named, and note an exception to the Decision of the Court made, rendered and filed herein on the 7th day of December, 1938, and give notice of a motion for a new trial."

Judgment was entered in accordance with the decision and said defendants duly filed a written exception thereto in the following words: "Come now WONG MING and GLADYS HOON YAU WONG, two of the defendants above named, and note an exception to the Judgment made, rendered and filed herein on the 20th day of December, 1938."

All of the findings, except as to the dental bill, are supported by substantial evidence. That item was waived in open court and the plaintiff has filed in this court a remittitur reducing the judgment by $25 and again expressly waiving the amount of the dental bill in that amount.

The case has been argued on the theory that the exceptions brought up raise the question of the sufficiency of the evidence to support the findings and judgment of the court. Whether they do raise that question we need not decide. A review of the evidence would serve no useful purpose. It is amply sufficient to support the findings and conclusions of the court, except as to the dental bill.

The plaintiff having filed a remittitur of the dental bill, the exceptions should be and are hereby overruled.

*E. J. Botts* for defendents Wong Ming and Gladys Hoon Yau Wong.

*W. Y. Char* for plaintiff.

No appearance of or for defendant William Robello.