JUNE S. W. LOPEZ *v.* WIGWAM DEPARTMENT STORES NO. 10, INCORPORATED, A CORPORATION; FRED SKAGERBERG, DONALD THOMAS, AND PEARL STEVENS, ALSO KNOWN AS MRS. JOSEPH L. STEVENS.

No. 4418.

DECEMBER 5, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Plaintiff, her husband Mr. Lopez, plaintiff's six year old daughter, and a friend went shopping at defendant

Wigwam Stores, Inc., on the evening of August 29, 1958. Plaintiff's daughter was carrying a yellow corduroy jacket at the time they entered the store. The group stopped before a rack of corduroy jackets similar to the one carried by the daughter. Plaintiff and friend proceeded to look through the corduroy jackets while the plaintiff's husband and daughter stood three to four feet away. Plaintiff and friend testified that at no time was a jacket removed from the rack. As they were walking away from the rack, the daughter put on her corduroy jacket because she was cold from the air conditioning.

Defendant Pearl Stevens, an employee of defendant Wigwam Stores, Inc., was hanging dresses at the time and watched the group from a distance of almost twelve feet. While she did not see the group approach the rack, she testified that she saw plaintiff remove a yellow corduroy jacket from the rack and place it upon her daughter, and then they walked away from the jacket rack. She notified the manager of the store, defendant Skagerberg. Defendant Donald Thomas, a special police officer, was notified to watch for the group. Defendant Skagerberg also maintained a watch for the party near the check-out stand. About 20 minutes later, plaintiff and friend went through the check-out line and paid for their purchases of merchandise.

Defendant Skagerberg inquired and was informed by the cashier that the yellow corduroy jacket had not been paid for by plaintiff. He followed the group out of the store. Defendant Thomas testified that he stopped Mr. Lopez and daughter about 10 to 15 feet outside the store and when questioned, Mr. Lopez denied that he had picked up the jacket from the store. Plaintiff testified that after she left the store, defendant Thomas touched plaintiff on the shoulder and placed plaintiff under arrest or at least she thought she was under arrest.

Defendant Skagerberg testified that after he came out of the store, the yellow corduroy jacket was taken off the daughter and examined. Since plaintiff claimed that there were no similar jackets in the store, he brought out another corduroy jacket which was identical except for size. Plaintiff testified that she had bought the jacket at the National Dollar Stores, but defendant Skagerberg testified that plaintiff stated she bought the jacket at Woolworth's the night before.

Defendant Skagerberg was then called back into the store on another matter and defendant Thomas also returned to the store and resumed his post inside the store between the exit and entrance doors.

Plaintiff testified that as defendant Thomas then turned away to go back into the store he said something she did not hear, but assumed she was to go back. She also wanted to go back to see who reported her taking the jacket off the rack. The group re-entered the store. Mr. Lopez talked to defendant Thomas and insisted that he tell him who had reported seeing plaintiff-appellee take the jacket off the rack. During this conversation defendant Skagerberg approached with defendant Stevens. The conversation became rather loud, whereupon defendant Skagerberg suggested that everyone get into his office at the rear of the store.

Everyone, except defendant Thomas, went into the office. Plaintiff did not object to going into the office and went in because she thought she was under arrest. Skagerberg closed the door. The discussion was rather heated and loud. Defendant Skagerberg testified that because defendant Stevens, whom he considered to be a reliable person, was so sure that she had seen plaintiff take the yellow corduroy jacket off the rack and place it on her daughter and because plaintiff had mentioned several places from and times at which she purchased the jacket,

and because the jacket was identical to the jackets on their store rack, he decided to call the police. After defendant Skagerberg asked defendant Stevens to watch the door, Defendant Stevens stood by the door while Skagerberg went out to another room to call the police.

The officer conducted a routine investigation and asked defendant Skagerberg whether he wished to prosecute and the reply was in the affirmative. Plaintiff was asked to go to the police station where she was fingerprinted and photographed and then released on bail.

At the trial, plaintiff produced a sales slip from National Dollar Stores dated August 22, 1958 showing a purchase of $1.83, also a newspaper advertisement placed by National Dollar Stores advertising the jackets for sale. Plaintiff was found not guilty of the charge, which was larceny in the second degree.

Plaintiff brought this action to recover damages against defendant Thomas for false arrest, false imprisonment and malicious prosecution; against defendant Wigwam Stores, Inc., for false arrest, false imprisonment and malicious prosecution; against defendant Skagerberg for false arrest, false imprisonment and malicious prosecution; and against defendant Stevens for false arrest, false imprisonment and malicious prosecution.

At the conclusion of the trial, the court granted the motion of defendants Pearl Stevens and Fred Skagerberg for a directed verdict on false arrest and the motion of defendants Donald Thomas and Pearl Stevens for a directed verdict on malicious prosecution. The jury rendered verdicts as follows:

| | |
|---|---|
| On false arrest | —for defendants Thomas and Wigwam Stores, Inc. |
| On false imprisonment | —for defendants Wigwam Stores, Inc., and Pearl Stevens |

—against defendants. Thomas and Wigwam Stores, Inc. ($1,000 general damages)

—against defendant Skagerberg ($1,000 punitive damages)

—against defendants Skagerberg and Wigwam Stores, Inc. ($5,000 general damages)

On malicious prosecution—against defendants Skagerberg and Wigwam Stores, Inc. ($10,000 general damages $100 special damages)

—against defendant Skagerberg ($1,000 punitive damages)

After motion for Judgment notwithstanding the verdicts by the defendants, the court granted judgment n.o.v. to defendants Thomas and Wigwam Stores, Inc., on the claim for false imprisonment.

It is evident that there is much confusion in the record, as defendant Wigwam Stores, Inc., won a verdict on the claim of false imprisonment; at the same time was held liable on this claim for general damages in two different amounts, $1,000 and $5,000; and was granted a judgment n.o.v. on the $1,000 verdict. As the record is interpreted by the parties, what remains in respect of the claim of false imprisonment made against defendant Wigwam

Stores, Inc., is a judgment for $5,000 jointly and severally with defendant Skagerberg, plus $1,000 punitive damages against defendant Skagerberg alone. The record has been treated as though there had been three different counts for false imprisonment, one based on the acts of Wigwam's employee defendant Stevens, as to which defendants Stevens and Wigwam Stores, Inc., won the verdict; one based on the acts of Wigwam's employee Thomas, as to which verdict went against defendants Thomas and Wigwam Stores, Inc., for $1,000 but later was set aside by the court; and one based on the acts of Wigwam's employee Skagerberg, as to which verdict went against defendants Skagerberg and Wigwam Stores, Inc., for the amounts that still stand.

Defendants Skagerberg and Wigwam Stores, Inc., appeal from the judgment against them for $5,000 general damages for false imprisonment, $10,000 general damages for malicious prosecution and $100 special damages for malicious prosecution. Defendant Skagerberg also appeals from the judgment against him for $1,000 punitive damages for false imprisonment, and $1,000 punitive damages for malicious prosecution.

The questions raised in this appeal are:

1. Whether there was substantial evidence amounting to more than a scintilla to support the verdict against defendant Wigwam Stores, Inc., and Skagerberg for malicious prosecution of plaintiff?

2. Whether there was substantial evidence amounting to more than a scintilla to support the verdict against defendant Wigwam Stores, Inc., and Skagerberg for false imprisonment of plaintiff?

3. Whether there was substantial evidence amounting to more than a scintilla to support the verdict for punitive damages against defendant Skagerberg for false imprisonment and malicious prosecution?

4. Whether the awards of general damages against defendants Wigwam Stores, Inc., and Skagerberg for false imprisonment and malicious prosecution are excessive?

Defendants argue that plaintiff had not sustained her burden of proving the lack of probable cause to support a verdict for malicious prosecution. We agree. Defendant Skagerberg's decision to call the police was based upon the following: (1) that defendant Pearl Stevens whom he considered to be a reliable employee, was certain that she saw plaintiff take the jacket off the rack and put it on her daughter; and (2) that the jacket was identical except as to size when it was compared with the other jackets on the rack. Furthermore, during the conversations at Wigwam Stores, Inc., the plaintiff did not offer to produce a receipt for the purchase of the jacket from National Dollar Stores as she later did at the trial on the criminal charge of petty larceny. When the evidence as to the facts necessary to constitute probable cause is clear, the question of probable cause is for the court to determine. The motion for a directed verdict by defendants should have been granted.[1] Anno. 87 A.L.R.2d 183. *Lalakea* v. *Baker*, 43 Haw. 321, 328-29; *Sylva* v. *Cockett*, 12 Haw. 133; *Ah Chew* v. *Wong Kuai*, 3 Haw. 85.

With this review of the evidence on the issue of probable cause, the verdicts as to punitive damages for malicious prosecution and false imprisonment cannot stand. See *Winn & Lovett Grocery Co.* v. *Archer*, 171 So. 214 (Fla. 1936); *Great Atlantic & Pacific Tea Co.* v. *Smith*, 136 S.W.2d 759, 768 (Ky. 1939). *Cf., Jacobson* v. *Yoon*, 41 Haw. 181. See also *Howell* v. *Asso. Hotels*, 40 Haw. 492. Plaintiff contends that defendants may not now raise the issue of sufficiency of the evidence for punitive

---

[1] The motion was specific: "* * * Particularly we feel that there is no evidence to show maliciousness or lack of probable cause on the part of any of the defendants causing this prosecution."

damages for malicious prosecution and false imprisonment, that it was not raised in defendant's motion for directed verdicts and was not properly presented for review. The question as to sufficiency of proof was raised by defendants when they objected to the amendment of the complaint to include a claim for punitive damages after commencement of the trial and at the conclusion of the trial. With this objection in the record and the specific objection later presented as shown by note 1, the motion for directed verdicts was sufficiently specific as to punitive damages for false imprisonment and malicious prosecution and should have been granted by the trial court.

It thus appears that the defendants at the close of the evidence moved for a directed verdict on all causes of action. The motion was sufficiently specific on the claims for special and general damages for malicious prosecution and punitive damages for malicious prosecution and false imprisonment. Since defendant was entitled to directed verdicts on these claims, the court erred in denying defendant's motion for judgment notwithstanding the verdicts on these claims.

This court's conclusion on probable cause and motive on the issue of malicious prosecution does not vitiate the award of general damages for false imprisonment. Defendants admitted during argument that probable cause is an affirmative defense to a claim for false imprisonment, and was not raised in time to put before the jury the matter of the reasonableness of the detention, that is, whether the detention was entirely a detention for investigation in protection of Wigwam's rights. Moreover, we do not agree with defendant's contention that there was insufficient evidence on the restraint of plaintiff to support the verdict. A careful review of the record indicates that the jury could have found that when Pearl Stevens was instructed to watch the door to the office, the plaintiff

reasonably feared that any attempt to leave would result in a public demonstration and subsequent humiliation.

Appellate review of defendant's contention as to the excessiveness of the verdict on general damages for false imprisonment is limited to a consideration as to whether the trial court committed error of law or abused its discretion in denying a new trial. *Johnson* v. *Sartain,* 46 Haw. 112, 114, 375 P.2d 229, 230; *Pooler* v. *Stewarts' Pharmacies, Ltd.,* 42 Haw. 618, 622.

We are convinced after a realistic appraisal of the evidence in the record that the award of the jury of $5,000 as general damages as to false imprisonment was clearly excessive and that the trial court abused its discretion in refusing to grant a remittitur of the same or a new trial. There is no testimony by plaintiff that she was, as alleged, subjected to "great indignities, shame, humiliation, embarrassment, and disgrace, and was caused to suffer much mental and emotional distress and nervousness, and she was thereby damaged in her reputation," as a result of her detention in the office of defendant Wigwam Stores, Inc., as distinguished from the alleged malicious prosecution. There was only a short detention in Skagerberg's office.

Reversed and remanded for entry of judgment for both defendants on the claims for special and general damages for malicious prosecution and punitive damages for malicious prosecution and false imprisonment.

We have recognized the doctrine of remittitur. *Izumi* v. *Park,* 44 Haw. 123, 351 P.2d 1083; *Young* v. *Wong Ming,* 35 Haw. 685. This is a proper case for application of that doctrine. As to the general damages for false imprisonment, the cause is remanded for a new trial unless, within sixty (60) days from the date of remand hereof plaintiff agrees to remit the sum of ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00), in

which event the judgment will be affirmed as of the date of its rendition in the sum of THREE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($3,500.00).

*Allen W. Wooddell (Henshaw, Conroy & Hamilton* of counsel), for defendants-appellants.

*Bernaldo D. Bicoy* and *W. R. Crockett (Bicoy & Yamane* of counsel), for plaintiff-appellee.

---

CONCURRING OPINION OF WIRTZ, J.

I am in agreement with the opinion of the court except that I would remand for a new trial, unless plaintiff agreed to a remittitur of the sum of $4,000.00, in which case I would affirm the judgment as of the day of its rendition in the sum of $1,000.00 as general damages for false imprisonment.