JOHN FREEMAN ORSO, Plaintiff-Appellee, Cross Appellant, *v.* CITY AND COUNTY OF HONOLULU, a municipal corporation, Defendant-Appellant, Cross Appellee

NO. 5428

APRIL 18, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA AND
MENOR, JJ., AND CIRCUIT JUDGE KATO
ASSIGNED BY REASON OF VACANCY

242

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by defendant (appellant).

In an action for damages for defamation of character, false arrest, false imprisonment and malicious prosecution instituted by the plaintiff (appellee), the trial court, after trial by jury, gave judgment in favor of the appellee and against the appellant for compensatory damages but denied punitive damages. We affirm.

### STATEMENT OF THE CASE

On or about October 21, 1970, one Francis Lloyd Burke was shot and killed by persons unknown near the intersection of Maunakea and Pauahi Streets in downtown Honolulu. In the proceedings below Detective Logan Ng testified that, on or about October 21 or 22, 1970, he questioned one Fendel Oclit; that Oclit informed him that he was in the company of Burke at the above mentioned intersection; that at the said intersection he saw appellee who stood across the street from where he and Burke stood; that appellee called Burke and as Burke crossed the street Oclit saw two persons, named Arashiro and Lono, respectively, emerge from behind a parked delivery van and shoot Burke to death.

Detective Ng then testified that he executed an affidavit that included the above information; that based on the affidavit an arrest warrant was obtained from a district judge to arrest appellee; that the affidavit was prepared only in the original without any copies; that he took custody of the affidavit after the issuance of the arrest warrant; that the affidavit is lost or misplaced and cannot be found.

On October 27, 1970, appellee was arrested on a warrant charging appellee of first degree murder in the killing of Burke. Upon his arrest, appellee was incarcerated without bail and subsequently, on November 4, 1970, the appellee, together with Arashiro and Lono, was indicted by the grand jury on a charge of first degree murder. Appellee was held without bail until his release on November 11, 1970, when the prosecutor filed a motion and order of nolle prosequi of the charges filed against appellee.

In the trial below, Prosecuting Attorney Barry Chung testified, *inter alia,* as follows: that the probable cause for the issuance of the warrant of arrest existed in an affidavit signed by Detective Ng; that, however, the affidavit was not filed with the court; that he advised the detective to keep it in a safe place, but that the affidavit cannot be found.

In regard to the motion of nolle prosequi, Detective Sidney Kim Han testified that he took a statement of appellee as to appellee's activities before and after the Burke killing; that he investigated appellee's stated activities and determined appellee's statements to be true; and that he had reasonable doubt of appellee's guilt of the charge of first degree murder.

Detective Kim Han further testified that he presented his findings and conclusions to Prosecutor Barry Chung on or about October 30 or 31, 1970, at which time he advised the prosecutor to dismiss the charges against appellee.

Prosecutor Barry Chung testified that he did not file his motion of nolle prosequi immediately upon receipt of Detective Kim Han's report; that three or four days elapsed after receipt of Kim Han's report before he finally entered the nolle prosequi. The Prosecutor failed to give any satisfactory explanation for the delay.

The appellee testified that he was at the scene of the

shooting, but denied having been involved in any manner with the killing of Burke.

A deposition of Fendel Oclit was admitted into evidence wherein Oclit stated that he never spoke to Detective Ng, a police officer or prosecutor about the killing of Burke.

Several newspaper clippings were introduced into evidence. The news articles gave prominence to appellee's past criminal record and alleged participation in the killing of Burke. Furthermore, quotes of the Prosecutor, damaging to appellee, were published.

The jury returned a verdict in favor of the appellee in the sum of $50,000 compensatory damages and $200,000 punitive damages.

After entry of judgment on August 16, 1972, in accordance with the verdict of the jury, the appellant filed a "Motion to Set Aside Verdict and Judgment and Order New Trial or in the Alternative for Remittitur". Subsequently, the appellant filed a motion for a new trial "on the ground of newly discovered evidence".

After a hearing on the motion to set aside the verdict, the trial court held as follows:

1. Though the issue of punitive damages was not raised by appellant during the course of the trial, the court concludes that the appellant cannot be subjected to a liability for punitive damages;

2. A new trial will be ordered, subject, however, to the provision that the appellee may elect to waive its claim to punitive damages. If this is done, the trial court will affirm the judgment filed herein to the extent of $50,000 compensatory damages.

The motion for new trial on the ground of newly discovered evidence was denied by the trial court.

The appellee, after initially filing a conditional acceptance of remittitur, conditional on the ground that appellant forego an appeal or a new trial, finally filed an unconditional acceptance of remittitur accepting only the compensatory damages of $50,000, plus interest and costs allowed by the court.

Judgment to that effect was ordered and filed herein.

The appellant then filed his notice of appeal, while the appellee failed to file any cross-appeal.

## ISSUES

Appellant contends as follows:

1. That the trial court abused its discretion in failing to set aside the verdict as excessive and order a new trial or in the alternative order a remittitur of $49,000 general damages and of $199,000 punitive damages;

2. That the trial court erred in failing to order a new trial on the ground of newly discovered evidence.

Appellee, on the other hand, asserted on appeal that the trial court erred in setting aside the verdict of punitive damages.

In addition to the issues mentioned, this court, in light of *Salavea v. City and County of Honolulu,* 55 Haw. 216, 517 P.2d 51 (1973), rendered subsequent to the judgment involved herein, requested of the parties to file additional briefing on the following:

1. Whether or not the action brought by the plaintiff (appellee) may be subject to the provisions of the State Tort Liability Chapter 662 of Hawaii Revised Statutes, particularly the provisions of HRS §§ 662-1,[1] -2,[2] -15(1),[3] and -15(4);[4] and

2. Whether or not the action brought by the plaintiff, or any part or parts of it, may or should be barred on the basis of

---

[1] HRS § 662-1(1) and (2) reads:

§ 662-1 Definitions. As used in this chapter the term:

(1) "State agency" includes the executive departments, boards, and commissions of the State but does not include any contractor with the State;

(2) "Employees of the State" includes officers and employees of any state agency, members of the Hawaii national guard, Hawaii state guard, and persons acting in behalf of a state agency in an official capacity, temporarily, whether with or without compensation;

. . . .

[2] HRS § 662-2 reads:

§ 662-2 Waiver and liability of State. The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. If, however, in any case wherein death was caused, the State shall be liable only for actual or

any other authority or for any other reason.

In reply to the request of the court, the appellant asserted the following:

1. The prosecuting attorney is an agent and servant of the State Department of the Attorney General and an employee of the State within the meaning of the State Tort Liability Act;

2. The immunities retained in HRS §§ 662-15(1) and 662-15(4) are applicable to the City and County of Honolulu in this action;

3. The prosecuting attorney for the City and County of Honolulu is immune from tort liability for acts committed within the scope of his authority, and such immunity extends to his employer.

We shall first consider the issues raised by the appellant as a result of our request for additional briefs.

### I. APPLICABILITY OF THE
### STATE TORT LIABILITY ACT TO THE APPELLANT

In *Salavea, supra,* we held as follows:

a. That HRS § 46-72 and Section 12-106 of the Charter of the City and County of Honolulu which are notice of claim requirements, operate in reality as statutes of limitations for the tort liability of the City and County of Honolulu;

---

compensatory damages measured by the pecuniary injuries resulting from the death to the persons respectively, for whose benefit the action was brought.

[3] HRS § 662-15(1) reads:

§ 662-15 Exceptions. This chapter shall not apply to:

(1) Any claim based upon an act or omission of an employee of the State, exercising due care, in the execution of a statute or regulation, whether such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved be abused;

. . . .

[4] HRS § 662-15(4) reads:

(4) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights;

. . . .

b. That HRS § 662-4, the two-year statute of limitations for tort actions against the State, takes precedence over and hence invalidates the notice of claim requirements in HRS § 46-72 and Section 12-106 of the Charter of the City and County of Honolulu and therefore, claims against the City and County of Honolulu are governed by the two-year limitations of HRS § 662-4.

In *Salavea, supra,* this court dealt solely with the applicability of HRS § 662-4 upon the City and County of Honolulu. Upon consideration of the additional briefs submitted by the parties, we see no valid reason to extend the applicability of any other provisions of HRS Chapter 662 to the City and County of Honolulu, and hereby specifically limit the holding of *Salavea* to the applicability of only HRS § 662-4 to the City and County of Honolulu.

## II. THE QUESTION OF ABSOLUTE IMMUNITY OF THE PROSECUTING ATTORNEY FOR THE CITY AND COUNTY OF HONOLULU

In *Medeiros v. Kondo,* 55 Haw. 499, 522 P.2d 1269 (1974), and *Runnels v. Okamoto,* 56 Haw. 1, 525 P.2d 1125 (1974), we held that nonjudicial governmental officers do not have absolute immunity from tort suits.[5] We concluded further in *Medeiros, supra,* 55 Haw. at 503, 522 P.2d at 1271:

> We feel strongly that if an official in exercising his authority is motivated by malice, and not by an otherwise proper purpose, then he should not escape liability for the injuries he causes. To reach that end we view the problem as one of limited liability and not immunity from the action itself. . . .

And at 504-05, 522 P.2d at 1272, we held:

> . . . but to limit liability . . . by holding plaintiff to a higher standard of proof than in a normal tort case. To this end we allocate to plaintiff the burden of adducing clear and

---

[5] For immunity of judges of court see *State v. Taylor,* 49 Haw. 624, 631, 425 P.2d 1014, 1019 (1967).

convincing proof that defendant was motivated by malice and not by an otherwise proper purpose.

In *Runnels, supra,* we reaffirmed our holding in *Medeiros, supra.*

We are of the opinion that the prosecuting attorney is an officer of the executive branch of appellant,[6] and thus subject to liability for his tortious conduct as enunciated in *Medeiros, supra.*

Under the then applicable Article VI, Chapter 7, Section 6-701, Charter of the City and County of Honolulu, the prosecuting attorney of the City and County of Honolulu was appointed by the mayor. (Approval of the appointment by the council now required. See HRS Sec. 6-701, Supp. 1974.) Under Section 6-701 the mayor has the power to remove the prosecuting attorney for cause.

Under Article V, Chapter 1, Section 5-104(e), the mayor recommends to the council the salary to be paid to the prosecuting attorney.

We are therefore of the opinion, notwithstanding the provision of Section 6-703(b), Charter of the City and County of Honolulu,[7] that the prosecuting attorney is an agent and officer of the appellant, and thus, the appellant is liable for the tortious conduct of the prosecuting attorney under the doctrine of respondeat superior. *See Brinkman v. City of Indianapolis,* 141 Ind. App. 662, 669, 231 N.E.2d 169, 173 *(1967); City of Lexington v. Yank, Ky.,* 431 S.W.2d 892 (1968).

We are of the further opinion, upon consideration of the record, that the principle of limited liability of *Medeiros, supra,* does not free the appellant from liability herein.

---

[6] Leong Yau v. Carden, 23 Haw. 362, 367 (1916).

[7] Section 6-703 Powers, duties and functions. The prosecuting attorney shall:
. . . .

    (b) Prosecute offenses against the laws of the State under the authority of the attorney general of the State.

### III. THE APPELLANT CONTENDS THAT THE DAMAGES ASSESSED BY THE JURY IS EXCESSIVE, THUS REQUIRING A NEW TRIAL

It is well settled in this jurisdiction that:

> . . . a finding of an amount of damages is so much within the exclusive province of the jury that it will not be disturbed on appellate review unless palpably not supported by the· evidence, or so excessive and outrageous when considered with the circumstances of the case as to demonstrate that the jury in assessing damages acted against rules of law or suffered their passions or prejudices to mislead them.

*Vasconcellos v. Juarez,* 37 Haw. 364, 366 (1946); *See Ginoza v. Takai Electric Co.,* 40 Haw. 691, 704-05 (1955), and *Nakagawa v. Apana,* 52 Haw. 379, 390, 477 P.2d 611, 617 (1970).

After a review of the record, we are of the opinion that the damages assessed by the jury is not excessive and outrageous,[8] and is clearly supported by the evidence.

We therefore conclude that the trial court did not abuse its discretion in failing to set aside the verdict as excessive and order a new trial or in failing to order a remittitur[9] of $49,000 general damages.

### IV. IS APPELLANT ENTITLED TO A NEW TRIAL ON THE GROUND OF NEWLY DISCOVERED EVIDENCE

The newly discovered evidence consisted of an affidavit of one Robert G. Low, a person with an extensive criminal record. Mr. Low alleged in his affidavit, dated over two

---

[8] *See* Alau v. Everett, 7 Haw. 82 (1887); Colegrove v. S. S. "City of Columbia", 11 Haw. 693 (1899); Jacobson v. Yoon, 41 Haw. 181 (1955); Lopez v. Wigwam Dep't Stores, 49 Haw. 416, 421 P.2d 289 (1966).

[9] *See* 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE § 1305.1; Izumi v. Park, 44 Haw. 123, 131, 351 P.2d 1083, 1088 (1960).

months after the verdict of the jury, that he had a conversation with the appellee wherein the appellee allegedly admitted to being an accomplice to the Burke murder.

The authorities are in agreement that a new trial based on newly discovered evidence can be granted provided the evidence meets the following requirements: (1) it must be previously undiscovered even though due diligence was exercised; (2) it must be admissible and credible; (3) it must be of such a material and controlling nature as will probably change the outcome and not merely cumulative or tending only to impeach or contradict a witness. 7 MOORE'S FEDERAL PRACTICE ¶ 60.23[4] at 273 (2d ed. 1974). *See also* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil § 2859 (Vol. 11 at 181; 1973); 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE, § 1305 at 370 (1958).

In the instant case, based on the record, we agree with appellee that the affidavit of Mr. Low is insufficient, as a matter of law, to justify a new trial on the following grounds:

1. The evidence offered is irrelevant to the trial except as potential impeachment of a witness.

2. The appellant has failed to demonstrate due diligence.

The appellant errs in contending that the key issue is the innocence or guilt of appellee of the homicide of Burke. The record shows clearly that the complaint of appellee was bottomed upon a claim that he was subjected to arrest, imprisonment, and prosecution by appellant without appellant having the necessary probable cause to so subject the appellee at the time of the arrest. It is elementary that probable cause must be premised on the knowledge of facts at the time of the arrest and not upon knowledge obtained subsequently. *Johnson v. United States*, 333 U.S. 10, 16 (1948); *Henry v. United States*, 361 U.S. 98, 103 (1959). Thus, the proffered newly discovered evidence is irrelevant and immaterial to the issue of whether probable cause existed at the time of appellee's arrest and incarceration. Assuming, arguendo, the proffered evidence is material to the issue in question, nevertheless, we are of the opinion that the appellant has failed to demonstrate due diligence in the discovery of the evidence.

We therefore affirm the trial court's denial of a new trial.

## V. APPELLEE'S CROSS-APPEAL ON THE
### ISSUE OF PUNITIVE DAMAGES

The issue of punitive damages against the appellant does not merit our consideration. The appellee failed to file a proper notice of appeal. HRCP Rule 73(a).

We have considered the other contentions raised by appellant in its briefs and conclude the contentions are without merit.

Affirmed.

*Charles F. Marsland, Jr.*, Deputy Corporation Counsel, for defendant-appellant, cross appellee.

*David C. Schutter (Steven H. Levinson* with him on the briefs) for plaintiff-appellee, cross appellant.