STEPHEN W. LANE, Plaintiff-Appellant, *v.* GEORGE YAMAMOTO and THE CITY AND COUNTY OF HONOLULU, Defendants-Appellees

NO. 7013

MAY 11, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order granting a motion to dismiss or in the alternative, for summary judgment. Appellant contends that based upon the record, there was a genuine issue of material fact as to whether Appellee George Yamamoto, in refusing for a period of time to return appellant's gun to him, acted with malice. Based upon the record, there was evidence of malice and accordingly, we hold that the matter should have been left for a jury trial.

Most, if not all, of the documents attached to the appellee's motion to dismiss or in the alternative, for summary judgment were neither sworn to nor certified and must therefore be disregarded under the decisions of this court in *Munds v. First Insurance Co. of Hawaii, Ltd.,* 1 Haw. App. 104, 614 P.2d 408 (1980) and the Supreme Court of Hawaii in *Cane City Builders v. City Bank,* 50 Haw. 472, 443 P.2d 145 (1968) and *Pacific Concrete Federal Credit Union v. Kauanoe,* 62 Haw. 334, 614 P.2d 936 (1980).

The sequence of events, however, is not in dispute. Appellant owned a gun which was stolen. The gun was subsequently recovered by the police and the person in possession thereof charged. On November 15, 1976, he pleaded guilty to the charge. Appellant thereupon made several efforts to have his gun returned to him and when it was not promptly returned, filed suit on November 18, 1976. The felon was sentenced on January 7, 1977 and the time for appeal, therefore, ran on January 17th. Some days later, the gun was returned to the appellant.

There is no set procedure with respect to when and how stolen property recovered by the police will be returned to its owners. The matter apparently is left entirely in the discretion of the prosecutor. In this case, it is alleged that the prosecutor, Appellee George Yamamoto, delayed the return of the gun because of malice toward

the appellant, Stephen W. Lane. There is evidence in the record which would support this contention. For example, James F. Nagle, one of the prosecutors, testified by deposition:

A. When I initially talked to George after talking with Stephen Lane about the returning of the gun when I had mentioned the facts of the case to George, George said when I told him that Stephen Lane wanted the return of the gun, George said, "Oh, f____ him; he's not going to get his gun back." And he elicited the reasons when I asked why.

There are other examples in the depositions and in the record from which a reasonable man might reach the conclusion that Appellee Yamamoto was exercising his discretion to refuse to return the gun because of malice toward the appellant. Under the decisions in *Medeiros v. Kondo,* 55 Haw. 499, 522 P.2d. 1269 (1974); *Runnels v. Okamoto,* 56 Haw. 1, 525 P.2d 1125 (1974), and *Orso v. City & County of Honolulu,* 56 Haw. 241, 534 P.2d 489 (1975), Appellee Yamamoto can be held liable for damages if it is found that in exercising his discretion with respect to whether to return appellant's property, he was "motivated by malice, and not by an otherwise proper purpose, . . ." *Medeiros v. Kondo, supra,* 55 Haw. at 503. Of course, as that case points out, appellant has the burden of establishing that Yamamoto was motivated by malice and not by an otherwise proper purpose by clear and convincing evidence. This case is not like *Runnels v. Okamoto, supra,* where the plaintiff, in response to the motion for summary judgment could point to nothing in the record to indicate that the public officials there being sued had acted out of malice.

Although the Government was not a party in either *Medeiros* or *Runnels,* it was the party in *Orso.* It appears that under modern authority, an employer can be held liable under the theory of *respondeat superior* for torts maliciously committed by an employee acting within the scope of his authority. *Orso v. City & County, supra; Lucas v. Liggett & Myers Tobacco Co.,* 50 Haw. 477, 442 P.2d 460 (1968); *Duncan v. Wilder Steamship Co.,* 8 Haw. 411 (1892); 53 Am. Jur.2d *Master and Servant* § 437 (1970).

The City contends, however, that appellant had not exhausted his administrative remedies before filing suit. The difficulty with this is that there was no set procedure which was available for the appellant to follow in seeking the return of his property. One cannot

exhaust an administrative remedy if there is no administrative remedy.

The City also contends that the return of the gun mooted the case. Obviously, this is not so. *Howell v. Associated Hotels, Ltd.,* 40 Haw. 492 (1954). As *Howell, supra,* clearly points out, where a person's property is not returned for a period of time, due to the malice of the person in charge of the property, punitive damages, as well as actual damages, are allowable against that person. On the other hand, of course, the City, as distinguished from Appellee Yamamoto, cannot be liable for punitive damages in the circumstances of this case but only actual damages if they are proved. *Orso v. City & County, supra; Duncan v. Wilder Steamship Co., supra.* The judgment below is reversed and the case remanded for further proceedings consistent herewith.

*Michael P. Akana (Roy J. Bell* on the briefs, *David L. Turk* of counsel) for appellant.

*John W. K. Chang (James E. Ross* on the brief) for appellees.