RICHARD W. CLARK and MANFRED CIESLIK, Plaintiffs-Appellants, *v.* JAMES H. WODEHOUSE, JR., ROBERT MICHAEL PICKETT, and MICHAEL JOHN FANN, Defendants-Appellees, and DOES 1 through 10, individually and as agents, employees and licensees of JAMES H. WODEHOUSE, JR., Defendants

NO. 8104

(CIVIL NO. 5783)

SEPTEMBER 9, 1983

BURNS, C.J., TANAKA, J., AND CIRCUIT JUDGE RONALD T.Y. MOON IN PLACE OF ASSOCIATE JUDGE HEEN, RECUSED

OPINION OF THE COURT BY TANAKA, J.

In this action, plaintiffs Richard W. Clark (Clark) and Manfred Cieslik (Cieslik) sought to enjoin defendant James H.

Wodehouse, Jr. (Wodehouse) and others[1] from constructing a dwelling house in contravention of a building height restriction. Plaintiffs appeal from the judgment denying them injunctive relief. We reverse and remand.

The Kona Heavens Subdivision (Subdivision) consists of three increments. The owners of the Subdivision sold Increment I to Shigeyuki Tachibana (Tachibana) and Increments II and III to Cieslik.

Cieslik developed Increments II and III and subjected the lots therein to restrictive covenants he prepared.[2] He sold Lot 4 in Increment II to Clark.

Tachibana developed Increment I and sold and conveyed Lot 29 to Wodehouse and Robert Michael Pickett (Pickett) and a lot to Cieslik. All lots in Increment I were subjected to restrictive covenants prepared by Tachibana. The covenant pertinent in this case provides in part:

(a) *Residential Purposes.* The above-described premises and every portion thereof shall be used for private residence purposes only . . . and for no other purpose; and no building other than a private dwelling house designed and built for the use and occupancy of a single family, *not exceeding twenty (20) feet in height from the highest point of the building site to the highest point of the structure,*

---

[1] Both the complaint and amended complaint designate as defendants "JAMES H. WODEHOUSE, JR., and DOES 1 through 10, individually and as agents, employees and licensees of JAMES H. WODEHOUSE, JR." We note that the pleadings lack an affidavit, motion and court order as to unidentified defendants in violation of Rule 17(d), Hawaii Rules of Civil Procedure (1981).

At the hearing for issuance of a preliminary injunction, the trial court identified and designated Robert Michael Pickett, a co-owner of the property in question, and Michael John Fann, an employee of Wodehouse and Pickett, as two of the Does. Trial Transcript at 14-15. However, no written order indicating such identification and designation was entered.

[2] The building height restriction for Increment II differs from that of Increment I and reads:

8. *HEIGHT LIMITATION, VIEW AND AIR.* No dwelling house, appurtenance or other structure shall exceed twenty-two (22) feet in height of the average of the lot upon which the house, appurtenance or other structure is built, and shall not unreasonably interfere with the view, corridor, sunlight and natural flow of air of other lot owners.

*which shall not exceed twenty-four (24) feet in height,* shall be constructed, placed or maintained upon said premises during said term; . . . [emphasis added.]

Wodehouse and Pickett commenced construction of a dwelling house measuring 27 feet 9 inches in height from the top of the concrete floor to the top of the ridge beam on Lot 29. The makai (oceanside) boundary of Lot 4 abuts the mauka (mountainside) boundary of Lot 29. Cieslik's house on the Increment I lot is above and around the curve of the road and approximately 300 yards north of the dwelling being constructed on Lot 29.

Alleging a breach of the restrictive covenant, plaintiffs filed suit to enjoin the construction.

In its Findings of Fact, Conclusions of Law, Order and Judgment filed on June 23, 1980, the trial court held that Clark and Cieslik had standing to bring the action, but concluded as follows:

The restrictive covenant is so ambiguous that it is subject to a number of interpretations with significant differentiations. Therefore, there is substantial doubt and ambiguity as to what was intended by the Grantor and hence [the covenant is] unenforceable.

Plaintiffs' appeal followed.

I.

The sole issue on appeal is whether the trial court erred in concluding that the restrictive covenant was so ambiguous as to be unenforceable. We find error, reverse, and remand.

A.

In reaching its conclusion, the trial court made the following finding:

It is inconsistent for the drafters of the restrictive covenant to prohibit the construction of a single family dwelling higher than 20 feet in height from the highest point of the building site then turn around and impose an additional limitation of 24 feet. However, it appears unnecessary for this court to determine the appropriate interpretation of

the restrictive covenant except to note that the covenant appears to be contradictory and ambiguous. I note that if the drafters of the restrictive covenant had intended that no home exceed 24 feet from the finished ground surface to the highest part of the structure as contended by Plaintiff, they could have easily so stated in the covenant.

Although the restrictive covenant could have been more precisely drawn, we do not find the height requirements to be inconsistent and thereby ambiguous, especially in light of the sloping terrain of the area. The clause "which shall not exceed twenty-four (24) feet in height" modifies the noun "structure." Thus, the covenant not only limits the height of the dwelling house to 20 feet if it is built at the *highest* point of the building site, but also limits it to a maximum of 24 feet even if it is built at the *lowest* point.

For example, Lot 29 slopes upward in the mauka direction from an elevation of 74 feet at a portion of the makai boundary to 126 feet at the corner of the mauka boundary. Assuming that the "building site" is the entire lot, if the house is built at the 126 foot elevation, the covenant requires it not to exceed 20 feet in height, but if it is constructed at any lower elevation, the house must not exceed 24 feet in height. Without the maximum height limitation in the covenant, a house built at the 100 foot elevation could be 46 feet in height, subject, of course, to any county building code height requirement.

The height requirements serve "to provide minimum interference of view to other land owners in the surrounding area," as found by the trial court, and also to assure uniformity in structure heights in the subdivision. Consequently, we hold that the covenant provisions regarding height limitations are consistent and unambiguous and leave no doubt as to their meaning and intention. *See DiTullio v. Hawaiian Insurance & Guaranty Co., Ltd.,* 1 Haw. App. 149, 616 P.2d 221 (1980); 20 Am. Jur. 2d *Covenants, Conditions, Etc.* § 185 (1965).

B.

Defendants contend that since the restrictive covenant fails to define the term "building site" and to specify the method of measuring the building height, it is ambiguous and unenforcea-

ble. We agree that the deficiencies pinpointed by defendants result in an ambiguity, but we disagree that the covenant, therefore, is unenforceable.

An ambiguous restriction is not fatally defective. It "requires only a reasonable construction which is most favorable to the servient estate." *Alloway v. Moyer,* 275 Or. 397, 400, 550 P.2d 1379, 1381 (1976). *See also Collins v. Goetsch,* 59 Haw. 481, 583 P.2d 353 (1978). In determining the meaning of the language used in a restrictive covenant, the court "will first look to the plain, ordinary and popular meaning of the words used in the covenant." *Collins v. Goetsch,* 59 Haw. at 487, n.3, 583 P.2d at 358. *See also Tompkins v. Buttrum Construction Co.,* 98 Nev. ___, 659 P.2d 865 (1983).

Plaintiffs claim that "building site" is the place within the lot where the building is to be constructed, while defendants argue that the term has the specialized meaning set forth in the county building code and means the entire lot. We do not resort to the building code for a specialized meaning of "building site." To the layperson, "building site" may mean either a designated area within a lot or the entire lot where a building is to be constructed. Construing the restrictive covenant liberally in favor of defendants, we hold that a reasonable construction of "building site" is the entire lot minus the set back areas from the lot boundaries mandated by the zoning or building code.

We have no problem in determining that the plain, ordinary, popular, and reasonable meaning of the term "height" is the distance from the point where the building rests on the ground to the top of the building. In the case of a sloping site, as in this case, a liberal construction favoring defendants requires the measurement from the point where the building rests on the mauka portion of the ground.

Applying the reasonable construction of the terms "building site" and "height," as we have done *supra,* the restrictive covenant can and should have been enforced.

Since the dwelling being constructed on Lot 29 measured 27 feet 9 inches in height and exceeded the maximum limitation of 24 feet, defendants were clearly in violation of the restrictive covenant.

## II.

As they did below, defendants again argue on appeal that since Clark's Lot 4 was not located in Increment I and Cieslik's lot was in no way "damaged" by the construction on Lot 29, neither Clark nor Cieslik had standing to bring the action.

Defendants failed to file a proper notice of appeal as required by Rule 73, Hawaii Rules of Civil Procedure (1981), to challenge the trial court's conclusion of law that plaintiffs had standing. Therefore, we do not consider defendants' contention on this point. *Orso v. City & County,* 56 Haw. 241, 534 P.2d 489 (1975); *In re Keamo,* 3 Haw. App. 360, 650 P.2d 1365 (1982).

## III.

Reversed and remanded with instructions to enter judgment for plaintiffs and to enjoin further construction on Lot 29 in violation of the restrictive covenant or, in case the construction has been completed, to hear requests for such other relief as the court deems proper.

*Robert L. Smith (Cohn & Smith,* of counsel) for plaintiffs-appellants.

*Katsuya Yamada* for defendants-appellees.