**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000105
29-APR-2022
07:45 AM
Dkt. 62 SO

NO. CAAP-18-0000105

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHRISTOPHER SALEM, Requestor-Appellant, v.
THE COUNTY OF MAUI; THE COUNTY OF MAUI, by and
through WILLIAM SPENCE, as DIRECTOR OF PLANNING, and
BRIAN BILBERRY, DEPUTY CORPORATION COUNSEL WITH THE
DEPARTMENT OF CORPORATION COUNSEL, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 17-1-0208)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Ginoza, C.J., and Wadsworth and Nakasone, JJ.)

Self-represented Requestor-Appellant Christopher Salem
(**Salem**) appeals from the January 24, 2018 Judgment entered by the
Circuit Court of the Second Circuit (**Circuit Court**) in favor of
Defendants-Appellees County of Maui, William Spence (**Spence**), and
Brian Bilberry (**Bilberry**) (collectively, **County Defendants**) and
against Salem.[1]  Entry of the Judgment followed entry of the
Circuit Court's:  (1) August 8, 2017 "Order Granting [County
Defendants'] Motion to Dismiss or, in the Alternative, for
Summary Judgment with Prejudice" (**Order Granting Dismissal/MSJ**);
(2) September 15, 2017 "Order Denying . . . Salem's Non Hearing
Motion for Reconsideration of August 8, 2017 Order Pursuant to
[Hawaiʻi Rules of Civil Procedure (**HRCP**)] Rule 59(e) and, or Rule
60(b) Granting [County] Defendants' Motion to Dismiss or, in the
Alternative, for Summary Judgment Based on Newly Discovered
Evidence, Filed August 21, 2017" (**Order Denying Motion for**

---

[1]     The Honorable Rhonda I.L. Loo presided.

**Reconsideration**); and (3) November 16, 2017 "Order Denying . . . Salem's Non Hearing Motion to Vacate and, or to Set Aside Orders of August 8th, 2017, and September 15th, 2017 Due to Newly Discovered Evidence of Government Records Concealed by County of Maui Officials, Fraud, Misrepresentations Misconduct, and Judicial Inadvertence Pursuant to Rule 60(b)(1)-(6) of the [HRCP] and in Recognition of the Authority of the State of Hawaiʻi Office of Information Practices, Filed October 17, 2017" (**Order Denying Rule 60(b) Motion**).

On appeal, Salem contends that: (1) the Circuit Court erred in denying Salem's motion for reconsideration and subsequent Rule 60(b) motion based on newly discovered evidence; (2) the Circuit Court failed to address the declaration of Spence; (3) the Circuit Court failed to issue findings of fact and conclusions of law; and (4) the Circuit Court failed to respond to Salem's concerns about Judge Loo hearing the case.[2]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Salem's contentions as follows and affirm the Judgment.

## I. Background

On May 19, 2017, Salem filed a complaint against the County Defendants, alleging they had failed to produce a public record pursuant to the Uniform Information Practices Act (**UIPA**), Hawaii Revised Statutes (**HRS**) Chapter 92F.[3] Specifically, Salem alleged that he had made "repetitive written requests" to the

---

[2] Salem's points of error have been restated and condensed for clarity. We note that Salem's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in material respects. In particular, Salem makes numerous factual assertions and arguments without any supporting references to the record. See, e.g., HRAP Rule 28(b)(3), (4) and (8). Nonetheless, because we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible[,]'" we address Salem's arguments to the extent they are discernible. Morgan v. Plan. Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).

[3] HRS § 92F-15(a) provides: "A person aggrieved by a denial of access to a government record may bring an action against the agency at any time within two years after the agency denial to compel disclosure."

County of Maui Department of Planning for the following record (**Requested Record**):

> Department of Planning:  As requested previously and yet to be received, please provide the public record of the date and final acceptance and closure of the [Special Management Area (**SMA**)] Permit #SM2 2000/0042.  Also, the name of the Planning Department Individual that closed the referenced SMA Permit within the County records.

On June 8, 2017, the County Defendants filed a motion to dismiss the complaint or, in the alternative, for summary judgment (**Motion**).  The County Defendants asserted in part:

> [T]he County has not denied [Salem] access to any government record.  Instead, the record sought simply does not exist. . . .  [Salem] has been informed that the requested record does not exist but is unable, or incapable, of accepting that fact.

In support of the Motion, the County Defendants filed the declarations of Spence, in his capacity as the Director of Planning (**Spence Declaration**), and Bilberry, in his capacity as a Deputy Corporation Counsel (**Bilberry Declaration**).  Regarding the Requested Record, the Spence Declaration stated in part:  "There is no document responsive to this request and Salem was informed of that fact."  The Spence Declaration further stated:  "It is my belief that [SMA Permit No.] SM2 2000/0042 was closed when the approval was issued on June 6, 2000 via letter to Hugh Farrington.  Salem received a copy of that letter well before the filing of the current lawsuit."  Similarly, the Bilberry Declaration stated in part:

> 4.    The Department of Planning conducted a search for the requested document . . . and informed me that it does not have such a document. . . .  Salem has received the [F]arrington letter attached to Exhibit "1". . . .
>
> . . . .
>
> 6.    Other than the [F]arrington letter attached in Exhibit "1", there are no other documents of which I am aware responsive to Salem's UIPA request that forms the basis of this lawsuit.

On July 11, 2017, the Circuit Court heard the Motion. Salem stated in part:

> I do agree that this record from Mr. Spence, the lead authority, is now the public record.  It is now the public record of the issuance and closure of this SMA permit. . . .

> . . . .

> And so as we sit today, in good faith, I would dismiss this case, not on the premise that there's no record, but on the premise that the record has been produced.

Following oral argument, the Circuit Court ruled as follows:

> The Court having had an opportunity to review the motion, the opposition, the reply, and having seen the latest e-mail [from Salem to counsel for the County Defendants stating that Salem "would agree to dismiss the complaint"] . . . --

> . . . .

> . . . and having heard the oral arguments in court this morning, the Court is going to grant Defendant County of Maui's, William Spence, and Brian Bilberry's motion to dismiss.

> This complaint concerns Mr. Salem's claim that he was denied access to a public record. The County represents they don't have the record and it does not exist. There is no competent evidence refuting that representation. That is the state of the record.

> Therefore, there is no basis for the lawsuit to proceed. I am granting the motion. I am dismissing the matter with prejudice.

On August 8, 2017, the Circuit Court entered the Order Granting Dismissal/MSJ.

Subsequent to the July 11, 2017 hearing, Salem filed a series of motions, two of which are relevant here:

(1) "[Salem's] Non Hearing Motion for Reconsideration of August 8, 2017 Order Pursuant to HRCP Rule 59(e) and, or Rule 60(b) Granting Defendant's Motion to Dismiss or in the Alternative for Summary Judgment Based on Newly Discovered Evidence" (**Motion for Reconsideration**), filed on August 21, 2017[4]; and

(2) "[Salem's] Non Hearing Motion to Vacate and, or to Set Aside Orders of August 8th, 2017, and September 15th, 2017 Due to Newly Discovered Evidence of Government Records Concealed by County of Maui Officials, Fraud, Misconduct, Misrepresentations, and Judicial Inadvertence Pursuant to Rule 60(b)(1)-(6) of the [HRCP] and in Recognition of the Authority of the State of Hawaiʻi Office of Information Practices" (**Rule 60(b)**

---

[4] Friday, August 18, 2017, was a holiday. Salem's motion under HRCP Rule 59(e) was thus timely. See HRCP Rule 6(a).

4

**Motion**), filed on October 17, 2017 (collectively, **Post-MSJ Motions**).

The Circuit Court denied the Post-MSJ Motions and later entered the Judgment.  This appeal followed.

## II. Discussion

### A.  Post-MSJ Motions Based on Newly Discovered Evidence

Salem does not directly challenge the Order Granting Dismissal/MSJ.  Rather, he contends that the Circuit Court "failed to consider the newly discovered evidence" presented in the Post-MSJ Motions.  Salem argues that such evidence "confirmed that county government public records, responsive to . . . Salem's original [request for service] did exist, were maintained by the County of Maui and were not produced pursuant to HRS Chapter 92F . . . ."  Relatedly, Salem asserts that the Circuit Court "failed to address or take into account the communications written by the OIP . . . ."

"HRCP Rule 59(e) motions for reconsideration are reviewed under the abuse of discretion standard."  Yoshimura v. Kaneshiro, 149 Hawaiʻi 21, 33, 481 P.3d 28, 40 (2021) (quoting Kaneohe Bay Cruises, Inc. v. Hirata, 75 Hawaiʻi 250, 258, 861 P.2d 1, 6 (1993)); see Chen v. Mah, 146 Hawaiʻi 157, 172, 457 P.3d 796, 811 (2020) ("The trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." (quoting Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008))).  "The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant."  Yoshimura, 149 Hawaiʻi at 33, 481 P.3d at 40 (quoting Kaneohe Bay Cruises, 75 Hawaiʻi at 258, 861 P.2d at 6).

The trial court's decision on a motion under HRCP Rule 60(b) is likewise reviewed for abuse of discretion.[5]  PennyMac

---

[5]    However, "[t]he determination of whether a judgment is void [under HRCP Rule 60(b)(4)] is not a discretionary issue.  It has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law."  In re Hawaiian Elec. Co., 149 Hawaiʻi

Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020). "The trial court has a very large measure of discretion in passing upon motions under HRCP Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion." Id. (brackets omitted) (quoting Hawaiʻi Hous. Auth. v. Uyehara, 77 Hawaiʻi 144, 147, 883 P.2d 65, 68 (1994)). "The burden of establishing abuse of discretion in denying a HRCP Rule 60(b) motion is on the appellant, and a strong showing is required to establish it." Id. (brackets omitted) (quoting Ditto v. McCurdy, 103 Hawaiʻi 153, 162, 80 P.3d 974, 983 (2003)).

It is also well settled that "[t]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992). "Reconsideration is not a device to relitigate old matters or to raise arguments that could and should have been brought during the earlier proceeding." Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000). Morever, a party seeking relief under HRCP Rule 59 or Rule 60(b)(2) based on newly discovered evidence must establish that the evidence meets the following requirements: "(1) it must be previously undiscovered even though due diligence was exercised; (2) it must be admissible and credible; (3) it must be of such a material and controlling nature as will probably change the outcome and not merely cumulative or tending only to impeach or contradict a witness." Ditto, 103 Hawaiʻi at 162, 80 P.3d at 983 (emphasis added)

---

343, 362, 489 P.3d 1255, 1274 (2021) (quoting International Sav. & Loan Ass'n v. Carbonel, 93 Hawaiʻi 464, 473, 5 P.3d 454, 463 (App. 2000)).

Here, Salem makes no discernible argument that the Judgment was void under HRCP Rule 60(b)(4), and any such argument is thus deemed waived. See HRAP Rule 28(b)(7). Rather, it appears that Salem's arguments regarding newly discovered evidence implicate HRCP Rule 60(b)(2) and (3). The Circuit Court's decision denying the Rule 60(b) Motion is thus reviewed for abuse of discretion. See Matsumoto v. Asamura, 5 Haw. App. 628, 630, 706 P.2d 1311, 1312-13 (1985) (construing Rule 60(b)(2)); Moyle v. Y&Y Hyup Shin, Corp., 118 Hawaiʻi 385, 402-03, 191 P.3d 1062, 1079-80 (2008) (construing Rule 60(b)(3)).

(quoting <u>Orso v. City & County of Honolulu</u>, 56 Haw. 241, 250, 534 P.2d 489, 494 (1975)).[6/]

Here, Salem does not identify in his opening brief the specific evidence that he contends constituted "newly discovered evidence" when he filed the Post-MSJ Motions. Morever, to the extent that Salem generally refers to "records, discovered and located in the County Department of Planning KIVA system" and "communications written by the OIP[,]" Salem makes no cogent argument as to why any specific "new" evidence or argument concerning the Requested Record could not have been presented earlier. In sum, Salem has not shown that any newly discovered evidence was previously undiscovered even though due diligence was exercised. <u>See</u> <u>Kawamata Farms</u>, 86 Hawaiʻi at 259, 948 P.2d at 1100.

Accordingly, Salem's contention that the Circuit Court erred in denying Salem's Post-MSJ motions based on newly discovered evidence is without merit.

**B. Spence Declaration**

Salem contends that the Circuit Court "failed to address the [Spence] Declaration . . . which not only constituted a new government record responsive to Salem's request, but, also clearly contradicted existing government records of the Department of Planning which were discovered to exist . . . ."

We initially note that Salem provides no record references for his factual assertions and fails to adequately explain what he characterizes as "obvious inconsistencies" between unidentified "government records" and the Spence Declaration. <u>See</u> HRAP Rule 28(b)(4) and (7). Further, Salem's assertion that the Circuit Court "failed to address the [Spence] Declaration" is not supported by the record. In denying both the Motion for Reconsideration and the Rule 60(b) Motion, the Circuit Court expressly stated that it had "considered the files and

---

[6/] The Hawaiʻi Supreme Court has made clear that "[t]he <u>Orso</u> standard applies regardless of 'whether the motion based on newly discovered evidence is made pursuant to HRCP Rule 59 or HRCP Rule 60(b)(2)." <u>Kawamata Farms, Inc. v. United Agri Prod.</u>, 86 Hawaiʻi 214, 259, 948 P.2d 1055, 1100 (1997) (brackets omitted) (quoting <u>Matsumoto</u>, 5 Haw. App. at 631, 706 P.2d at 1313).

records herein, the pleadings, declarations, and memoranda on file. . . ." The Spence Declaration was indisputably among the declarations on file. Additionally, Salem's argument regarding the Spence Declaration necessarily depends upon the "new" evidence presented in the Post-MSJ Motions. As discussed above, Salem has not shown that any newly discovered evidence was previously undiscovered even though due diligence was exercised.

Accordingly, Salem's contention that the Circuit Court failed to address the Spence Declaration lacks merit.

## C.  No Findings of Fact or Conclusions of Law

Salem contends that the Circuit Court "failed to make any Findings of Fact, or Conclusions of Law in any of its rulings related to the Complaint and the subsequent Motion for Reconsideration and Rule 60(b) Motion." Salem further asserts that the Circuit Court "abused its discretion" by failing to make any findings concerning the evidence that Salem presented.

Salem cites no authority supporting his argument. See HRAP Rule 28(b)(7). The authority is to the contrary. See HRCP Rule 52(a) ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in subdivisions (b) and (c) of this rule."); see also Hawaii Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 216 n.3, 11 P.3d 1, 4 n.3 (2000) (noting that "the circuit court was not required to enter any findings of fact in ruling on the Credit Union's motion for summary judgment." (citing HRCP Rule 52)); Citicorp Mortg., Inc. v. Bartolome, 94 Hawaiʻi 422, 440, 16 P.3d 827, 845 (App. 2000), abrogated on other grounds by Chen, 146 Hawaiʻi at 177, 457 P.3d at 816 ("The trial court made its decision on a Rule 60(b) *motion*, thus it was not required to issue findings of fact.").

Thus, the Circuit Court was not required to enter any findings of fact or conclusions of law in determining the motions at issue, and Salem's contention is without merit.

**D. Appearance of Impropriety**

Salem contends that the Circuit Court "failed to respond in any way to Salem's concerns about the appearance of impropriety of having Judge Loo hear the case of County Official Defendants' being represented by her former associate in the Maui Prosecutor's Office[.]"

We disregard Salem's contention due to his failure to comply with HRAP Rule 28(b)(4) and to provide any discernable supporting argument. See HRAP Rule 28(b)(4) ("Each point shall state: . . . (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. . . . Points not presented in accordance with this section will be disregarded . . . ."); HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

### III. Conclusion

For the reasons discussed above, we affirm the Judgment, entered on January 24, 2018, in the Circuit Court of the Second Circuit.

DATED: Honolulu, Hawaiʻi, April 29, 2022.

On the briefs:

Christopher Salem,
Self-represented Requestor-
Appellant.

Moana M. Lutey and
Christie M. Trenholme
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge